IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 06-199 |
| ) | The Hon. Jud. Gladys Kessler |
| DARNELL STEWART ) | Next Court Date: |
| ) | Motions Hearing Sep. 14, 2006 |
| Defendant, ) | |
| ) | |

**DEFENDANT'S MOTION TO**
**SUPPRESS TANGIBLE EVIDENCE**

Defendant Darnell Stewart, by and through his attorney Brian K. McDaniel, and McDaniel & Asso. P.A. respectfully moves this Court, pursuant to the Fourth Amendment to the Constitution of the United States, to suppress all tangible evidence allegedly obtained pursuant to his search, seizure and arrest by the Metropolitan Police Department on June 13, 2006. Mr. Stewart respectfully requests an evidentiary hearing on the Motion.

Mr. Stewart is charged by indictment and before this court on the charges of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S.C. § 922(g)(1); Unlawful Possession wit Intent to Distribute 5 Grams or More of Cocaine Base, in violation of Title 21, U.S.C., § 841(a)(1) and 841(b)(1)(B)(iii); and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of Title 18, U.S.C. § 924 (c)(1).

Facts:

It is alleged by charging document that on June 13, 2006 at approximately 9:25 p.m. officers of the Metropolitan Police Department's seventh district were in the 1600

block of V Street S.E., Washington D.C. when they claim to have seen Mr. Stewart engage in two conversations with individuals during which the officers were able to see an exchange of monies for small objects. It is further alleged that thereafter Mr. Stewart entered his vehicle and was subsequently stopped by officers, removed from the same and placed under arrest. A search of the vehicle purportedly produced "2 clear sandwich bags in the center console which contained numerous zips containing a white rock-like substance; a clear sandwich bag with 12 green color zips containing a white rock-like substance and another clear sandwich bag with 8 bundles each containing a white rock-like substance; and a loaded Glock Model 22 .40 caliber semi-automatic pistol".

Mr. Stewart submits that he did not participate in any drug transaction in the 1600 block of V Street nor was he aware of the presence of any firearm or illegal narcotics in the at issue vehicle. Mr. Stewart did not give permission, written, oral or otherwise for the search of the vehicle. At the time of the alleged search and recovery of the aforementioned items, the police did not have probable cause or a reasonable articulate suspicion to stop Mr. Stewart in his vehicle. The search, any evidence allegedly recovered must be suppressed due to the absence of any legal justification of the seizure of Mr. Stewart.

      I     **All Evidence Seized During The Search Must Be Suppressed**

All fruits of an unlawful search must be suppressed, including tangible evidence. *Wong Sun v. United States*, 371 U.S. 471 (1963); *United States v. Johnson*, 496 A.2d 592 (D.C. 1985). Where, as here, the government illegally searches an individual, it bears the burden of justifying its conduct. *Malcolm v. United States*, 332

A.2d 917, 918 (D.C.1975).  "[O]therwise there would be little incentive for law enforcement agencies to bother within the formality of a warrant; moreover, the evidence comprising probable cause is peculiarly within the knowledge and control of the police." Brown v. United States, 590 A.2d 1008, 1013 (D.C. 1991) (citing Malcolm, 332 A.2d at 918.)

The Court must look to various factors to determine whether a seizure and frisk are justifiable in considering what may constitute an articulable suspicion that criminal activity was afoot. . These include, the time of day, flight, the high crime nature of the location, furtive hand movements, an informant's tip, a person's reaction to questioning, a report of criminal activity or gunshots, and the viewing of an object or bulge indicating a weapon. Adams v. Williams, 407 U.S. 143, 147-48, 32 L.Ed. 2d 612, 92 S. Ct. 1921 (1972).

Nothing in the facts of the instant case satisfy any of the elements mentioned above. It was after nine o'clock in the evening when the defendant was stopped by members of the unit. When the defendant was stopped by the members he did not engage in flight but cooperated fully and was responsive to questioning. On the day in question the unit was engaged in a purported observation post operation although it is altogether unclear from the papering of this matter, how long the observation post was being employed on this day.  The arresting officers also, did not at any time view on the defendant's person any bulge or object that indicated that he was carrying a concealed weapon or rely on the tip of an informant. The actions of the unit on the day in question were purely random and not supported by any of the aforementioned factors.

This case is factually similar to that of *Duhart v. United States*, 589 A. 2d 895 (D.C. 1991). In *Duhart*, the appellant was frisked down after his behavior became questionable to authorities and a weapon was found on his person. In that case the court stated that the actions of the appellant did not constitute "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Duhart*. The court went further to state that the officer did not observe "a one way transfer of money or an object appearing to be drugs." *Duhart*. Nor did the officer observe the object that appellant put in his pocket. The court also noted that "citizens have no legal duty to speak to police." *Duhart*.

In the instant case the investigator in question did not observe Mr. Stewart engage in any illegal activity nor did they readily identify any object purportedly distributed by Mr. Stewart.

WHEREFORE, defendant respectfully requests that this Honorable Court grant his motion to suppress.

Respectfully Submitted,

_____
Brian K. McDaniel
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 – 0793
bkmassociates@aol.com
Counsel for Defendant Stewart

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2006 a copy of the foregoing Motion to Suppress and its attending Order was served by electronic filing and first class mailing postage prepaid to the Offices of the States Attorney, Criminal Branch, 555 4th Street N.W. Washington, D.C. 20001.

_____
Brian K. McDaniel