UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : No. 1:06-cr-199-GK |
| | : |
| v. | : |
| | : |
| **DARNELL E. STEWART, JR.,** | : |
|     **Defendant** | : |

Government's Consolidated Motion To Permit Impeachment of Defendant With Evidence of Prior Convictions, and Motion and Notice of Intent to Introduce Evidence of Other Crimes and <u>Bad Acts Pursuant to Rule 404(b) of the Federal Rules of Evidence</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of two prior convictions if he chooses to testify at trial in the above matter, and provides notice of its intent and moves to introduce evidence of other crimes pursuant to rule 404(b) of the Federal Rules of Evidence.

## I. <u>Background</u>

Defendant Darnell E. Stewart, Jr., has been charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); and possession of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924©.  He has pled not guilty.

    1. <u>The Defendant's Arrest</u>

The charges are based on the following events.  On June 13, 2006, at about 8:12 p.m., MPD officers were in an observation post in the area of the 1600 block of V Street, S.E., when they observed the defendant engage in what appeared to be two successive narcotics transactions.  Specifically, in the first transaction, the defendant walked up to an unidentified male person, and spoke briefly with him.  The unidentified male then handed the defendant some U.S. currency.  The defendant then walked over to an unoccupied Dodge Magnum station wagon, opened the driver's door, and sat down in the driver's seat, leaving the door open.  He then reached his hands toward the center console and made hand motions over it that could not be fully discerned.  The defendant then got out of the station wagon, closed the door, walked back to the unidentified male, and handed him a small object.  The unidentified man then got into a white SUV and drove out of the area.

In the second transaction, which occurred approximately 10 minutes later, a Kia drove into the area and pulled over, and a new unidentified male person got out from the passenger seat.  As he did, the defendant approached him.  The two had a short conversation, and the unidentified male handed the defendant some U.S. currency.  During the conversation, the driver of the Kia drove down the street and parked a short distance away.  The defendant then walked back to the station wagon, and got into the

driver's seat, once again leaving the door open. Once again, the defendant reached over to the center console. The defendant then got out of the station wagon, walked back to the unidentified male and handed him several small objects. The unidentified male then walked away, and entered a nearby building.

At about 9:12 p.m., the defendant got into the station wagon and began to drive away. Moments later, MPD officers stopped the station wagon in the 1800 block of Sixteenth Street, S.E. The defendant, who was driving, was alone in the vehicle. A subsequent search of the center console of the station wagon resulted in the recovery of two clear sandwich bags containing numerous small ziplock bags of crack cocaine, and a loaded Glock 22 .40 caliber semi-automatic handgun.

   2. The Defendant's Prior Convictions in Maryland

In 1998, defendant Stewart was convicted in Maryland of robbery with a deadly weapon and use of a handgun during the commission of a felony or crime of violence. That case was the result of a robbery of a Blockbuster Video store, on August 31, 1997, at approximately 12:05 a.m., in District Heights, Maryland. During the robbery, the defendant held a handgun and ordered a store employee to lie on the floor. With the help of two accomplices, the defendant robbed the store of money.

The government intends to offer evidence of the prior convictions to impeach the defendant if he takes the stand, and

to offer evidence of the convictions and the underlying criminal conduct, as other crimes evidence in its case in chief.[1]

## II. Admissibility of the 1998 Convictions for Impeachment Purposes

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying.  Fed. R. Evid. 609(b).

The Maryland robbery and firearm convictions, imposed in 1998, easily meet the timing requirement.  Under Maryland law the robbery charge, specifically, robbery with a dangerous and deadly weapon, is made up of the "common law" crime of robbery aggravated by the use of a deadly or dangerous weapon.  Allen v.

---

[1] Barring a stipulation, of course, the government will offer evidence of the same prior convictions, in the form of sealed, certified records of the judgments, in its case in chief in order to establish the necessary element for the § 922(g) charge that the defendant is a convicted felon.

State, 158 Md. App. 194, 240-41, 857 A.2d 101, 128 (Ct. Spec. App. 2004).  As a Maryland common law crime, its maximum sentence is limited only by Maryland and federal constitutional protections against cruel and unusual punishment.  See Gerald v. State, 299 Md. 138, 139, 472 A.2d 977, 978 (1984).[2]  The Maryland firearm charge for which he was convicted, use of a handgun in the commission of a felony or crime of violence, carried a maximum prison term of 20 years.  Md. Code 1957, art. 27, § 36B (repealed 2002).

As for probative value and prejudicial effect, the Court of Appeals, in United States v. Jackson, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider when determining the admissibility of a prior conviction for impeachment of a criminal defendant: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case.  Id. at 223, 627 F.2d at 1209.

In this case, on balance, these factors weigh in favor of admissibility under rule 609 for both convictions, as the government demonstrates in the discussion below.  But there is an

---

[2] Defendant Stewart was sentenced to 15 years in prison for the robbery with a dangerous or deadly weapon count, with all but 5 years suspended.

additional reason, not mentioned in Jackson, as to why permitting the government to impeach the defendant with the prior convictions is not unduly prejudicial. Specifically, the government will already have offered proof in its case in chief that the defendant has been convicted of two prior offenses each carrying a penalty of more than one year in prison, in order to prove up a necessary element of the § 922(g) violation. See United States v. Lattner, 385 F.3d 947, 960-61 (6th Cir. 2004), cert. denied, 543 U.S. 1095 (2005).

    1. The Prior Conviction For Robbery With A Dangerous Or Deadly Weapon

As indicated above, the Jackson factors favor admission of the defendant's prior conviction in Maryland for robbery with a dangerous or deadly weapon. First, in applying the initial Jackson factor, as the Court of Appeals held in United States v. Lipscomb, 266 U.S. App. D.C. 312, 702 F.2d 1049 (1983) (en banc), robbery, while not as probative of credibility as crimes of deception or stealth, is more probative than a crime of impulse or a simple possession of narcotics, because it involves theft and a "conscious disregard for the rights of others." Id. at 333-34, 702 F.2d at 1070-71. Accordingly, the first Jackson factor weighs slightly in favor of admissibility.

The second Jackson factor, the timing of the conviction, favors admission because, although originally imposed in 1998, the defendant only finished serving incarceration for this charge

6

in 2002, and then had to serve a three-year period of probation. Thus, he had only finished serving the penalty for this offense approximately one year before he was arrested.

The third Jackson factor weighs in favor of admission as well. Because the prior conviction was for an assaultive offense, and the defendant is facing trial for drug and firearms possession charges, there is a relatively low risk that the jury will improperly conclude the defendant is guilty merely because he was convicted in the past for a property crime. See Jackson, 201 U.S. App. D.C. at 224, 627 F.2d at 1210. The fact that the prior conviction involved use of a "deadly or dangerous weapon" does not change the analysis all that much, because the record of conviction for the offense does not specify that the weapon was a firearm.

Finally, this case is likely to come down to whether a jury will credit the defendant were he to testify that he did not know the gun and drugs were in the car. Accordingly, the fourth and fifth Jackson factors--the importance of the defendant's testimony and the degree to which his credibility is central-- also weigh in favor of admitting the prior drug conviction for impeachment purposes.

With all five Jackson factors weighing in favor of admissibility, coupled with the fact that the jury will necessarily have heard some evidence that the defendant was

previously convicted of two prior felonies, the Court should permit the government to impeach the defendant with evidence of this prior conviction.

    2. <u>The Prior Conviction For Use Of A Handgun During The Commission Of A Felony Or Crime Of Violence</u>

Application of the <u>Jackson</u> factors to the defendant's other felony conviction, use of a handgun while committing a felony or violent crime, also weighs in favor of admission. Taking the first factor, the government concedes that the nature of this prior conviction is not directly probative of credibility, and therefore this first factor cuts against admission. <u>See</u> <u>United States v. Millings</u>, 175 U.S. App. D.C. 293, 535 F.2d 121 (1976) (analyzing admissibility for impeachment purposes of prior conviction for carrying a pistol without a license outside the home or place of business, a misdemeanor at the time of the decision).

The second <u>Jackson</u> factor, the timing of the conviction, slightly favors admission. Like the robbery conviction, this conviction was imposed in 1998, and required the defendant to serve five years in prison. Even allowing for time served prior to sentencing, the defendant only finished serving this sentence in 2002, a relatively short time ago.

Admittedly, the third <u>Jackson</u> factor cuts against admission, because the prior offense of conviction is somewhat similar to two of the current charges, being a felon in possession of a

firearm and possession of a handgun during a drug-trafficking offense.

However, the fourth and fifth Jackson factors strongly favor admission of this prior conviction, given the potential importance of the defendant's testimony and the degree to which his credibility will be central to the case, as explained above.

Moreover, the prejudice to the defendant in allowing him to be impeached with the handgun conviction is mitigated because, as the government explains below, there is a compelling case for admitting the prior handgun conviction and underlying conduct under rule 404(b).

III. Admissibility of Prior Convictions And Underlying Conduct Under Rule 404(b) of the Federal Rules of Evidence[3]

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

---

[3]The government also intends to offer evidence of the defendant engaging in what appeared to be acts of narcotics distribution immediately before his vehicle was stopped. This evidence is not covered by rule 404(b) because the acts are not "other crimes, wrongs or acts," but instead is evidence "intrinsic" to and "inextricably intertwined" with the charged offense of possession of crack cocain with the intent to distribute. See United States v. Allen, 225 U.S. App. D.C. 128, 131, 960 F.2d 1055, 1058, cert. denied, 506 U.S. 881 (1992).

Fed. R. Evid. 404(b).  In this case, the government intends to offer evidence of the defendant's conduct on August 31, 1997, conduct for which he was ultimately convicted in Maryland in 1998 for two felonies.

The Court of Appeals has held that rule 404(b) is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character."  United States v. Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted).  Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity.  United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000).  If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403.  Id.

In United States v. Garner, 364 U.S. App. D.C. 408, 396 F.3d 438 (2005), the Court of Appeals considered the admissibility under rule 404(b) of a prior act of firearm possession by a defendant charged with violating § 922(g).  In Garner, MPD officers had made a traffic stop of a suspected stolen car and found one Robert D. Garner sitting in the front passenger seat.

Id. at 409, 396 F.3d at 439.  The officers ordered the driver and Garner to raise their hands, but Garner did not comply.  Id.  As one of the officers attempted to open Garner's door, the officer saw Garner remove a handgun from his waistband and place it on the floor.  Id.  Shortly thereafter, the officers opened the car door and took Garner into custody.  Id.  They subsequently recovered a 9 millimeter semi-automatic handgun from underneath the vehicle's front passenger seat.  Id.  Three latent fingerprints were recovered from the gun, only one of which was readable.  Id. at 409-10, 364 U.S. App. D.C. at 439-440.  The readable print matched the known prints of the driver.  Id.

During the trial in Garner the government offered evidence that approximately three years earlier, a U.S. Park Police officer had stopped a car in D.C. in which Garner was the front-seat passenger, and the officer had subsequently recovered an ammunition clip from Garner's jacket pocket and a loaded semi-automatic handgun fitting the clip under the front passenger seat.  Id. at 410, 396 F.3d at 440.  The government also showed that Garner had been convicted of carrying a pistol without a license, in violation of D.C. law, based on the stop by the USPP officer.  Id.

Following his conviction under § 922(g), Garner appealed, arguing that his prior CPWL conviction and evidence of the prior stop by a USPP officer should not have been admitted.  Id. at

11

409, 396 F.3d at 439. Garner relied heavily on the appellate court's decision in <u>Linares</u>, where the court had held that, under the circumstances of that case, evidence of a prior act of gun possession was inadmissible in a § 922(g) prosecution, see <u>Linares</u>, 361 U.S. App. D.C. at 320-25, 367 F.3d at 943-48. The <u>Garner</u> court, however, with reasoning applicable in this case, distinguished <u>Linares</u> and affirmed. <u>Garner</u>, 364 U.S. App. D.C. at 409, 412-14, 396 F.3d at 439, 442-44.

In <u>Linares</u>, the <u>Garner</u> court explained, the government's evidence "forced the jury to a disjunctive choice between actual possession or no possession at all." <u>Garner</u>, 364 U.S. App. D.C. at 412, 306 F.3d at 442. The <u>Garner</u> court held that in Garner's case, by contrast, the issue of <u>constructive</u> possession was squarely before the jury because the jury could have discredited the testimony of the sole officer who stated he saw the defendant sitting in the car and briefly holding a gun in his hand. See <u>Garner</u>, 364 U.S. App. D.C. at 412-13, 396 F.3d at 442-43 (noting that the officer testified that he was looking through a tinted car window and that the car was filled with smoke). If that evidence was discredited, the jury would be left with the "undisputed testimony that the gun was found under Garner's seat when the car was searched," which the court termed "a paradigmatic constructive possession scenario." <u>Id.</u> at 413, 396 F.3d at 443. In such a case, evidence of his prior act of

firearms possession was admissible to show that Garner knowingly exercised dominion and control over the gun found under his seat. Id.

In this case, the government intends to proceed solely on a theory of constructive possession with respect to the recovered Glock, which was found in the defendant's vehicle, but not on his person, after the vehicle he was driving was stopped by police.

As for rule 403,[4] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." United States v. Cassell, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted). In this case, as indicated above, there is a close relationship given the fact that the prior 404(b) evidence involves use of a handgun, and the firearm charges in the current case are based on a recovered handgun. In addition, when the purpose of disputed evidence is to show state of mind, as in this case, probative value is high. See id. at 92, 292 F.3d at 796.

## Conclusion

---

[4] Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Evidence of the defendant's prior 1998 felony convictions in Maryland for robbery with a deadly or dangerous weapon and use of a handgun during a felony or crime of violence should be admitted as impeachment evidence if the defendant testifies. In addition, the prior convictions and the conduct underlying it are admissible under rule 404(b) to show knowledge and absence of mistake or accident. Proposed Orders are attached.

                                    Respectfully submitted,

                                    KENNETH L. WAINSTEIN
                                  United States Attorney

                  by: _____
                        Michael C. Liebman
                        Assistant United States Attorney
                        D.C. Bar No. 479562
                        555 Fourth Street, N.W., room 4231
                        Washington, D.C.  20530
                        353-2385
                        michael.liebman@usdoj.gov