UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


**UNITED STATES OF AMERICA**         :   No. 1:06-cr-199-GK
                                     :
      **v.**                         :
                                     :
**DARNELL E. STEWART, JR.,**         :
      **Defendant**              :

Government's Opposition To Defendant's Motion to Suppress
                    <u>Tangible Evidence</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Darnell E. Stewart, Jr.'s motion to suppress tangible evidence, for the reasons stated herein and on any additional grounds that may be elicited at a hearing in this matter.

<u>Background</u>

Defendant Stewart has been charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); possession with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); and possession of a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924©. The charges are based on the following events.  On June 13, 2006, at about 8:12 p.m., MPD officers were in an observation post in the area of the 1600 block of V Street, S.E., an area known to the police for narcotics-trafficking, when they observed the defendant engage in what appeared to be two successive narcotics transactions.  Specifically, in the first transaction, the

defendant walked up to an unidentified male person, and spoke briefly with him. The unidentified male then handed the defendant some U.S. currency. The defendant then walked over to an unoccupied Dodge Magnum station wagon, opened the driver's door, and sat down in the driver's seat, leaving the door open. He then reached his hands toward the center console and made hand motions over it that could not be fully discerned. The defendant then got out of the station wagon, closed the door, walked back to the unidentified male, and handed him a small object. The unidentified man then got into a white SUV and drove out of the area.

In the second transaction, which occurred approximately 10 minutes later, a Kia drove into the area and pulled over, and a new unidentified male person got out from the passenger seat. As he did, the defendant approached him. The two had a short conversation, and the unidentified male handed the defendant some U.S. currency. During the conversation, the driver of the Kia drove down the street and parked a short distance away. The defendant then walked back to the station wagon, and got into the driver's seat, once again leaving the door open. Once again, the defendant reached over to the center console. The defendant then got out of the station wagon, walked back to the unidentified male and handed him several small objects. The unidentified male then walked away, and entered a nearby building.

At about 9:12 p.m., the defendant got into the station wagon and began to drive away. Moments later, MPD officers stopped the station wagon in the 1800 block of Sixteenth Street, S.E. The defendant, who was driving, was alone in the vehicle. A subsequent search of the station wagon resulted in the recovery of two clear sandwich bags containing numerous small ziplock bags of crack cocaine, a loaded Glock 22 .40 caliber semi-automatic handgun, and $795 in U.S. currency, all of which were in the console, and various personal papers in the defendant's name, from the glove box and behind one of the vehicle's visors.

The defendant has now moved to suppress all items of evidence recovered from the station wagon,[1] on the grounds that the search of the car violated the Fourth Amendment because the police did not have a sufficient basis to stop and then search the station wagon. The motion should be denied.

## Argument

It is well established that if the police have probable cause to arrest a person, they may search his person and areas within his immediate control, without further justification and without obtaining a warrant. United States v. Robinson, 414 U.S. 218, 235 (1973); United States v. Taylor, 302 U.S. App. D.C. 349,

---

[1] Defendant Stewart's motion does not specifically list the currency and personal papers as tangible evidence he seeks to suppress. The government will nonetheless treat the motion as addressing those items, along with the firearms and narcotics evidence.

351, 997 F.2d 1551, 1553 (1993) (citing United States v. Watson, 423 U.S. 411, 416-19 (1976)).  It is also well established that the area within the immediate control of an arrestee includes the passenger compartment of an automobile the arrestee happens to be in, and any containers within the passenger compartment.  New York v. Belton, 453 U.S. 454, 457-63 & n. 4 (1981) (specifically defining containers to include the vehicle's console and glove compartment).[2]

Whether the police have probable cause to make an arrest is determined from the totality of the circumstances.  Maryland v. Pringle, 540 U.S. 366, , 267-71 (2003); Taylor, 302 U.S. App. D.C. at 351, 997 F.2d at 1553.  In this case, the police had probable cause to stop the station wagon and arrest the driver, i.e., the defendant.  Once making that lawful arrest, the police then had a legal basis to search the entire passenger compartment of the station wagon, including the inside of the closed center console and glove compartment.

---

[2] It is immaterial if, as in this case, the police search the passenger compartment after removing the arrestee from the automobile.  That was precisely what how the search of the automobile in Belton was conducted.  453 U.S. at 456; see also Thornton v. United States, 541 U.S. 615, 617-24 (2004) (holding that search of an automobile's passenger compartment incident to arrest can include situations where arrestee has exited automobile prior to police initiating contact).

It is similarly irrelevant if the search precedes the formality of officially placing a temporarily detained person under arrest.  See Rawlings v. Kentucky, 448 U.S. 98, 110-11 (1980).

The Taylor case is instructive in this regard. In Taylor, the defendant moved to suppress cocaine that the police seized from his person pursuant to a search incident to his warrantless arrest. 302 U.S. App. at 350-51, 997 F.2d at 1552-53. As in this case, the arrest of the defendant was made after police officers observed the defendant engage in a narcotics transaction from the vantage point of an observation post. Id. at 351, 997 F.2d at 1553. Specifically, the officers had observed Taylor's two co-defendants engage in "two apparent [narcotics] transactions." Id. They then observed Taylor as he approached one of the co-defendants and talk briefly with him, following which the co-defendant retrieved a small object from a brown paper bag, located on the ground beneath the bumper of a parked bus about ten feet away. Id. That co-defendant then gave the small object to Taylor, in exchange for U.S. currency, which the co-defendant then handed over to the second co-defendant, who was observed to count the money and place it in his pocket. Id. As Taylor was walking away, he was stopped by an arrest team that searched his pants pockets and recovered a ziplock bag containing crack cocaine. Id.

Following his conviction on drug charges, Taylor challenged the recovery of the ziplock of crack on appeal. The Court of Appeals affirmed, holding that the search of Taylor's pants

pockets was a search incident to a lawful arrest.  <u>Id.</u> at 351-52, 997 F.2d at 1553-54.

    A search incident to arrest on similar grounds was upheld in <u>United States v. White</u>, 211 U.S. App. D.C. 72, 655 F.2d 1302 (1981) (per curiam).  In White, the officers observed a woman in the passenger seat of a specific car that the officers recognized as having been "visited by known drug addicts on numerous occasions in high narcotics areas."  <u>Id.</u> at 73, 655 F.2d at 1303.  The officers specifically observed the woman passenger count out a substantial sum of money and receive a small object from the driver.  <u>Id.</u>  The woman then got out of the car, and was promptly approached by White, who exchanged cash for a small object from the woman.  <u>Id.</u>  White then placed the object in his right coat pocket and walked up the street.  <u>Id.</u>  The Court of Appeals upheld the subsequent seizure, by the police, of 13 packets of heroin from White's right coat pocket.  <u>Id.</u> at 73-74, 655 F.2d at 1303-04.

    A similar fact pattern is found in <u>United States v. Davis</u>, 183 U.S. App. D.C. 121, 561 F.2d 1014, <u>cert. denied</u>, 434 U.S. 929 (1977).  In <u>Davis</u>, the police observed Davis standing in a high narcotics trafficking area, and watched as three persons approached him, one after the other.  <u>Id.</u> at 123, 561 F.2d at 1016.  In each instance the person spoke briefly with Davis, and then handed him some money.  <u>Id.</u>  Davis would count the money,

place it in his front pants pocket, and then count out and hand each person a number of small objects that Davis obtained from a manilla envelope that was in his rear pants pocket. Id. The officers were able to see that the third person who had approached Davis left with several pink pills in his hand. Id. at 123-24, 561 F.2d at 1016-17. As the officers approached Davis to arrest him, he was holding a large quantity of currency in his hand. Id. at 124, 561 F.2d at 1017. The Court of Appeals easily upheld the seizure of a manilla envelope, containing illicit narcotics, from Davis's right rear pants pocket following his arrest. Id.; see also United States v. Thomas, 179 U.S. App. D.C. 161, 161-62, 551 F.2d 347, 347-48 (1976) (per curiam) (upholding seizure of narcotics in search incident to arrest after observation of defendant passing silver object to another person in exchange for currency).

   Defendant's reliance on Duhart v. United States, 589 A.2d 895 (D.C. 1991), is to no avail. True, in Duhart, the D.C. Court of Appeals held that "a police officer observing two individuals standing on the sidewalk examining 'something,'" was an insufficient basis to support even a frisk under Terry v. Ohio, 392 U.S. 1 (1968). Duhart, 589 A.2d at 901. However, in Prince v. United States, 825 A.2d 928 (2003), the same court distinguished Duhart and held that "a two-way exchange of money for an object" does indeed support probable cause to arrest for a

narcotics violation.  Id. at 932-33.  Indeed, the Prince court specifically held that "the exchange of small objects for currency is an important and sometimes decisive factor in determining the existence of probable cause," and that "it is not necessary that the police officer be able to see clearly that the small object being handed from one person to another is contraband."  Id.

In this case, the circumstances of the police officers observing defendant Stewart, in a high narcotics trafficking area, engage in two successive transactions of exchanging small objects, which he retrieved from a nearby parked station wagon, for money, and then getting into the station wagon and driving away, provided ample probable cause to stop the station wagon and arrest the defendant.  The subsequent search of the passenger compartment of the station wagon was a lawful search incident to arrest.

## Conclusion

Defendant's motion should be denied.  A proposed order is attached.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        United States Attorney

by: _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov