UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States Of America | * |
| | * |
| vs. | Criminal Case No.: 1:06-CR-199-GK |
| | * |
| Darnell E. Stewart, Jr. | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### DEFENDANT'S MOTION IN OPPOSITION TO GOVERNMENT'S MOTION SEEKING ADMISSION OF RULE 404(B) EVIDENCE

NOW COMES the Defendant Mr. Darnell E. Stewart, Jr. through his counsel, Brian K. McDaniel, Esq. and McDaniel & Associates, P.A., respectfully submits this motion in opposition to the Government's motion seeking to admit admission of Rule 404(b) evidence.

### BACKGROUND

Mr. Stewart is currently being charged by indictment with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922 (g) (1); possession with intent to distribute more than 5 grams of crack cocaine, in violation of 21 U.S.C. § 841 (a) (1), (b) (1) (B) (iii); and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924. Mr. Stewart has pled not guilty.

### ARGUMENT

**INTRODUCTION:**

The Government should not be permitted to use the alleged Rule 404-(b) evidence. "Evidence of other crimes, wrongs, or acts is not admissible to prove the

character of a person in order to show that he acted in conformity therewith." *See Fed. R. 404(b)*. **Governing Legal Principles:**

The Court must engage in a multi-step process to determine whether proffered Rule 404-(b) evidence should be admitted. First, the Court must make a determination whether there is "sufficient evidence to support a finding by the jury that the defendant committed the similar act" -- in other words, that a reasonable jury could conclude that the alleged "other acts" occurred. See Huddleston v. United States, 485 U.S. 681, 683, 685 (1988). Second, the government is required to state the purpose for which it intends to introduce the Rule 404-(b) evidence; the Court must then determine whether the evidence is being offered for a legitimate purpose. See, e.g., United States v. Mitchell, 49 F.3d 769, 775 (D.C. Cir. 1995); United States v. Merriweather, 78 F.3d 1070, 1073 (6th Cir. 1996). Third, if the government clears both of those hurdles, the Court must determine under Rule 403, whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. Mitchell, 49 F. 3d at 775; Merriweather, 78 F. 3d at 1073.

**Discussion:**

A.   **The Evidence of Mr. Stewart's Prior Arrests Are Being Offered As Evidence to Establish the Defendant's Purported Character and Propensity to Commit the Acts Charged and Should Not Be Deemed Probative of Any Material Issue in the Instant Case.**

"Evidence of a defendant's prior 'bad acts' is excluded when its sole purpose is to prove that the defendant is a person of bad character and thus predisposed to commit the crime for which he is on trial." United States v. Manner, 887 F.2d 317, (D.C. Cir. 1989).

2

For the admission of such evidence to be proper, the evidence must be relevant to a material issue, other than the defendant's character. See United States v. Foskey, 636 F. 2d 517, 523 (D.C. Cir. 1980). Rule 404 (b) evidence is admissible only if it passes the well-established two-step analysis. "The first step requires that the evidence be probative of some material issue other than character ... The second step requires that the evidence not be inadmissible under any of the general strictures limiting admissibility." United States v. Washington, 969 F.2d 1073, 1080 (D.C. Cir. 1992).

 Mr. Stewart is charged with numerous charges which include but are not limited to a violation of 18 U.S.C. 922 (g), unlawful possession of a firearm and unlawful possession of cocaine a violation of Title 21 § 841 (a) (1) and 841(b)(1)(B)(iii). Specific intent is not an element of the Government's case at bar under 18 U.S.C. 922 (g) (1). The proposed evidence might arguably be probative on the issue of intent. However, the government is clearly not required to establish specific intent to establish the charged offense; the government's basis to introduce the aforementioned evidence would be to establish intent therefore should be denied. *See* United States v. Shomo, 786 F. 2d 981, 984-86 (10th Cir. 1986)[1]

 Moreover, "... if intent (were) formally an element of the crime, but it is implausible that the charged acts could have been committed absent the requisite intent, then intent 'seems a very weak ground of admission.'" United States v. Johnson, 970 F. 2d 907, 913 (D.C. Cir. 1992). Therefore, introduction of the defendant's prior alleged possession of the firearm, drugs and previous arrests should be inadmissible.

---

[1] Trial court committed a reversible error when it allowed government to introduce evidence to show intent, pursuant to Rule 404 (b), that defendant, a felon in possession of firearm, possessed a shotgun, rifle and ammunition at same time that he possessed the charged revolver, and that he possessed a rifle on a prior occasion.

3

**B.   The Evidence that the Government Seeks to Introduce of Mr. Stewart's Prior Arrests Bear No Relationship to the Instant Charges and Should Not be Admitted.**

The Government's introduction of evidence that the Defendant allegedly was involved with the sale of illegal narcotics in the past is relevant to show that "previous illegal narcotics possession and distributions are admissible to show motive, intent, knowledge, and opportunity. This assertion does not speak to the Defendant's knowledge or specific intent on the day in question but instead speaks to the Defendant's alleged past behavior and the assumption that he acted in conformity with said past behavior. It holds "no relevance to any material issue in the case except to show the likelihood that, having once fallen into sin a second slip is likely." United States v. James, 181 U.S. App. D.C. 55, 555 F. 2d 992, 998 (1977).

Furthermore, "evidence of prior wrongful behavior is always prejudicial to a defendant. It not only risks that the jury may infer guilt simply on the basis that the accused has committed wrongful acts, but it diverts the jury's attention from the question of the defendant's responsibility for the crime charged to the improper issue of his bad character." See Campbell v. United States, 450 A.2d 428. The evidence that the Government seeks to introduce in another state has no other connection to the crime charged in this matter. Nor, does it delineate a common plan or scheme linked to the instant charges at bar.

The court in Ali v. United States, 520 A.2d 306, stated that " if there is no inference of a specific plan in the accused's mind which interconnects the uncharged and charged acts, then the other crimes evidence is offered for nothing other than the

4

accused's propensity to commit a series of similar but discrete bad acts." This is apparently Government's current motive in seeking to introduce the evidence of other crimes in this matter. There is no clear and convincing evidence produced by the Government other than random testimony of a confidential witness that may or may not be influenced by benefits secured by the Government.

This evidence, if allowed, will be highly prejudicial in nature and may cause extreme prejudice in the minds of the jurors. The Government fails to provide "sufficient evidence to support a finding by the jury that the defendant committed the similar act" -- in other words, that a reasonable jury could conclude that the alleged "other acts" occurred as required by the Huddleston court. See Huddleston v. United States, 485 U.S. 681, 683, 685 (1988).

"Once evidence of prior crimes reaches the jury, it is most difficult, if not impossible, to assume continued integrity of the presumption of innocence. A drop of ink cannot be removed from a glass of milk. For this reason, it has long been the rule in this jurisdiction that evidence of a defendant's other crimes is presumptively inadmissible, with the burden on the prosecutor to rebut this presumption." Robinson v. United States, 623 A.2d 1234

"The government's mere incantation of one or more of these exceptions, however, will not function by itself as the "open sesame" that allows in other crimes evidence." Instead courts must look at the evidence sought to be introduced by Government of prior bad acts or other crimes evidence "with a jaundiced eye." Id.

While decisions about the admission of other crimes evidence are committed to the sound discretion of the trial court, the court must exercise its discretion in accord with

5

these rules, and the record must reveal a sufficient evidentiary basis for the court's decision." Id.  The Government has failed to satisfy any of the requirements necessary to admit the other crimes evidence that they seek to introduce.

In the instant case, the prior charges that were levied against Mr. Stewart were subsequently dismissed; said charges lacked "clear and convincing evidence that Mr. Green actually committed said offenses. This evidence should not be presented at trial.

**C.     The Prior Bad Acts of the Defendant Should Not be Admitted Because They Are Remote In Time.**

The prior convictions of Mr. Stewart should not be introduced into evidence based on the time limitations that generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused- witness from confinement imposed or taken place within 10 years of the date the accused is testifying. The prior convictions of Mr. Stewart are close in time to ten years and happened eight years ago should not be introduced to show a propensity of bad acts.

**D.     The Prior Bad Acts of the Defendant Should Not be Admitted Under Rule 403.**

It is highly likely that the jury here would give the prior incidents excessive weight by concluding that Mr. Stewart must have possessed illegal narcotics and guns on the day in question because he allegedly possessed and sold narcotics on other occasions.

WHEREFORE, counsel requests that this Honorable Court denies the Government's Motion for Introduction of Evidence of Other Crimes at Trial Pursuant to Rule 404 (b) of the Federal Rules of Evidence and to allow the procedure of this case on its merit.

        Respectfully Submitted,

        _____
        Brian K. McDaniel
        1211 Connecticut Ave. N.W.
        Suite # 506
        Washington, DC 20036
        Counsel For Defendant

## CERTIFICATE OF MAILING

    I HEREBY CERTIFY that on this_____day of _____, 2006, a copy of the foregoing Motion in Opposition to the Government's Motion to Introduce Evidence of Other Crimes Pursuant to Federal Rule of Evidence of 404 (b) and its attending order were filed electronically:

Michael C. Liebman
Assistant U.S. Attorney for the District of Columbia,
555 Fourth Street, N.W.
Washington, D.C. 20530

& e-filed with

The Clerk of the District Court
Criminal Division

        _____
        Brian K. McDaniel, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States Of America | * | |
| | * | |
| vs. | | Criminal Case No.: 1:06-CR-199-GK |
| | * | |
| Darnell E. Stewart, Jr. | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

UPON CONSIDERATION of the Defendant's Motion In Opposition to the Government's Motion For Leave To Introduce Evidence of Other Crimes Pursuant to Federal Rule of Evidence 404 (b) and any response thereto, it is this _____ day of _____, 2006, hereby

**ORDERED**, that the Government's motion is therefore DENIED.

_____
Honorable Judge
JUDGE, U.S. DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

8