```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA**      )
                                  )  No. 1:06-CR-199-GK
    **v.**                          )
                                  )
**DARNELL E. STEWART, JR.,**      )
                                  )
    **Defendant.**                 )

<u>Government's Memorandum in Opposition to Defendant's First Motion for Continuance of Trial Date</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby opposes defendant Darnell E. Stewart, Jr.'s, First Motion for Continuance of Trial Date.

<u>Background</u>

The defendant was arrested in this matter on June 13, 2006, and at his initial appearance on June 15, where he was represented by his current counsel, was initially ordered held without bond. On June 20, 2006, he was released into the High Intensity Supervision Program.

On July 6, 2006, the defendant was charged in a three-count indictment with possession with intent to distribute 50 grams of crack cocaine, possession of a firearm by a convicted felon, and using and carrying a firearm during the commission of a drug trafficking offense. On July 14, 2006, he pled not guilty to the charges.

At a status hearing on August 1, 2006, a motions schedule was set, along with a date for a motions hearing and trial. The

trial date was set for December 18, 2006.  A motions hearing was held on September 14 and 15, 2006, and a status hearing was held on October 10, 2006.

At the status hearing, counsel for the defendant advised the Court that he had a lengthy trial starting on October 16, 2006, but did not request a change in the trial date of December 18. In fact, the trial date was selected with counsel's trial schedule in mind, with the discussion centering on whether the trial could be held earlier if counsel's other trial resolved earlier than anticipated.

### Argument

Defendant's motion is based on his counsel's purported inability to prepare for trial, due to counsel's representation of another defendant currently in trial before the Honorable Judge Ellen S. Huvelle.  It is the government's understanding, however, that closing arguments have already occurred in that trial, and that final instructions will be presented to that jury today.

Moreover, the facts in defendant Stewart's matter are straightforward.  This is an observation post case where the defendant was observed engaging in what appeared to be drug distribution activity, then stopped in his vehicle a few blocks away.  The defendant was the driver and there was no one else in the vehicle.  Drugs, currency and a loaded weapon were then

seized from the center console.  An attempt was made to lift latent fingerprints from the contraband, but the resulting prints were deemed unusable.  Furthermore, these facts have already been explored in a two-day motion hearing, where defendant Stewart was represented by current counsel.

Finally, as the Court well knows, it is the public as well as the defendant that has an interest in a speedy trial.  See 18 U.S.C. § 3161(h)(3)(8)(A).  This case has been pending for nearly six months.

## Conclusion

Defendant's motion should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

by: /s/
_____
Michael C. Liebman
Assistant United States Attorney
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
(202) 353-2385
michael.liebman@usdoj.gov