## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.   06-199 (GK)** |
| **v.** | : | |
| | : | |
| **DARNELL STEWART,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PROPOSED VOIR DIRE, STATEMENT
## OF THE CASE, JURY INSTRUCTIONS, AND VERDICT FORM

As ordered by the Court, the United States, by and through its attorney, the United States

Attorney for the District of Columbia, hereby submits the following voir dire, statement of the

case, jury instructions, and verdict form in the above-captioned matter.

## PROPOSED VOIR DIRE

Introduction

Good morning, Ladies and gentlemen, I am Judge Gladys Kessler, and I will be the

presiding judge in this case.  You have been called to the courtroom for possible selection as

jurors in a criminal case entitled United States v. Darnell Stewart.  Mr. Stewart is charged with

an offense that I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we

will proceed.

## [SWEARING IN]

The procedure of jury selection is called the voir dire process, and the object is to select

twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and

no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a

verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. During this voir dire process, you will be introduced to all of the participants in the trial and I will ask you a series of questions.

The words voir dire are a legal term which comes from the French language and means to speak truthfully, and the origin of voir dire helps explain its purpose. It is the time at the beginning of a trial when a jury is selected and when I will ask you some questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to speak truthfully in response to those questions.

Now, as I just said, the reason for asking the questions is to help the parties and the Court select a jury that will be fair and impartial, that will make a decision based only on the evidence presented in the courtroom, and that will follow my instructions and will be fair to both sides.

You should have a little card and a pencil, hopefully. I would ask, if you haven't done so, that on one side of the card you put your juror number. As I go through each of these questions, if your answer is yes or if you think you have some information to provide in response to the question, just write down the number of the question. So don't write all of them down, just write down the ones for which you answer yes and have some information to provide to the court and counsel.

I will go through each question very carefully. If you want me to repeat it, please raise your hand. If you want me to go over it again because you didn't hear or understand it, please raise your hand.

Also as we go through this, if you remember information in response to an earlier question and you can't remember the number, there is sort of a catchall question at the end so you

can just put that one down and then we can go back over what other information you have.  The card is used just as a reminder for you of which questions you answered "yes" to when I went through them all.

We're going to be asking you, from your perspective, what may appear to be some personal questions to attempt to get your viewpoints about things, and it's important that you be very straightforward with us and tell us your views.  Your responses  will make it easier for us to be able to select a jury.  So I would hope that you would not view this as being intrusive.  It is something that's important for counsel and for the Court to consider in deciding who should be on the panel in terms of whether people are going to be able to be impartial.  You will not have to discuss your answers in front of everyone in court; at the end of the process I will be calling each of you to the bench one by one, where we will discuss your answers individually.

[**READ STATEMENT OF THE CASE**]

**<u>STATEMENT OF THE CASE</u>**

This is a criminal case.  Defendant Darnell Stewart is charged with having committed the following offenses: (1) unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) unlawful possession with intent to distribute cocaine base, in the form known as crack; and (3) using, carrying and possessing a firearm during a drug trafficking offense.  The government alleges that these crimes occurred on or about June 13, 2006, between the hours of 8:00 p.m. and 9:30 p.m., in the area of the 1600 block of V Street, Southeast, Washington, D.C., and the 1800 block of 16th Street, Southeast, Washington, D.C.

## **VOIR DIRE**

1.     Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2.     I am Judge Kessler, and I will be the presiding judge in this case.  Assisting me are Tonya Hightower, the Deputy Clerk; _____,  the court reporter who keeps a record of the proceedings for me and the litigants; and one of my law clerks, _____.  Do you know or think that you recognize any of us?

3.     The United States is represented in this case today by Assistant United States Attorney Perham Gorji.  Do you know or think that you recognize the prosecutor?  The attorney representing Mr. Stewart is Mr. Brian McDaniel.    Do you know or think that you recognize Mr. McDaniel?

4.     Do you know or think that you recognize the defendant, Mr. Darnell Stewart?

5.     Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or around the neighborhood?  Please take a look around to be sure.

6.     The government alleges that the events set forth in the indictment occurred in the area of 16th Street and V Street, S.E., Washington, D.C., and 16th Street and Minnesota Avenue, S.E., Washington, D.C.   Do you live near, work near, or have anything other than a general

familiarity with this location?

7.  a)  The government may call some or all of the following persons as witnesses, who Mr. Gorji will now identify.  Not all of these witnesses will necessarily testify. Do you know or think that you recognize any of these proposed witnesses?

b)  The defense may call some or all of the following persons as witnesses, whom Mr. McDaniel will now identify, although the defense is not required to call any witnesses.  Do you know or think that you recognize any of these proposed witnesses?

8.  In a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his or her innocence.  Would you have any difficulty at all in applying this principle of law?

9.  A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent.  The presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying this principle of law?

10.  Because Mr. Stewart is presumed innocent, he need not testify, nor offer any evidence.  Would you view his and his attorney's decision not to put on evidence, as evidence of guilt?

11.  To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be unanimous.  In deliberations you must consider the opinions and points of your fellow jurors.  In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.

a)  Would you have any difficulty at all in expressing your own opinions and

thoughts about this case to your fellow jurors?

        b)  Do you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

12.     Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that any of you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

13.     Have you ever served on a Grand Jury?

*[Follow-up at the bench:  Do you understand that the standard of proof for conviction at trial is beyond a reasonable doubt, which is a higher standard of proof required to indict, which is probable cause?  Would you have any difficulty at all in applying the correct standard as I define it for you at the close of this case?]*

14.     Have you ever served as a juror in a criminal case in a federal court, a District of Columbia court, or in a court located somewhere else?

*[Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in each case?  Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or would otherwise make it difficult for you to serve as a juror in this case?]*

15.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency?  This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the

Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security or other law enforcement agencies.  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

16.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office?  That can include the Department of Justice, a United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia, or any state, county, or district attorney's office.  Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?*]

17.     Have you (or any of your household members or close friends and relatives) ever

worked, in any capacity, for a prison, jail, or department of corrections?  Please also answer

"yes" to this question if you (or any of your household members or close friends and relatives)

have ever applied for a job with any such organization, or are planning to in the near future.

[*Follow-up at the bench:  What was the nature of the work?  Would that*

*experience affect your ability to serve as a juror in this case, especially if issues were to arise*

*concerning the credibility of police officers or law enforcement officers, or defense witnesses?*

*Would that experience affect your ability to be fair and impartial in this case?  Would it*

*otherwise make it difficult for you to sit as a juror in this case?]*

18.    Have you (or any of your household members or close friends and relatives) ever

worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the

District of Columbia Public Defender Service, or similar organization, or been involved in any

way in the defense of a criminal case?  Please also answer "yes" to this question if you (or any of

your household members or close friends and relatives)  have ever applied for a job with any

such individual or organization, or are planning to in the near future.

[*Follow-up at the bench: What was the nature of the work?  Would that*

*experience affect your ability to serve as a juror in this case, especially if issues were to arise*

*concerning the credibility of police officers or law enforcement officers, or defense witnesses?*

*Would that experience affect your ability to be fair and impartial in this case?  Would it*

*otherwise make it difficult for you to sit as a juror in this case?]*

19.    Have you (or any of your household members or close friends and relatives) ever

studied law or had any legal training?  This would include law school, paralegal training, or any

post-graduate legal training.

20.    Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer?  Please also answer "yes" to this question if you (or any of your household members or close friends and  relatives) have ever applied for a job at any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work?  Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?  Would that experience affect your ability to be fair and impartial in this case?  Would it otherwise make it difficult for you to sit as a juror in this case?]*

21.    Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime?  For purposes of this question, do not include minor traffic violations.

22.    Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

23.    Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

24.    Do you, because of the reported crime situation in D.C. or because of the reported incarceration rate in D.C., think that your own concerns or feelings would make it difficult to

consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

25.     The offenses in this case involve the alleged unlawful possession of illegal drugs. Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

26.     Do you have an opinion or feeling about the possession of drugs, or laws dealing with the possession of drugs, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial, such as a belief that drug possession should be legalized?

27.     The offenses in this case involve possession of a firearm by a person previously convicted by a crime punishable by a term of imprisonment exceeding one year.  Do you feel that, because of the nature of the charge in this case, it might be difficult for you to sit as a juror?

28.     Do you have an opinion or feeling about the possession of firearms, or  laws dealing with the possession of firearms, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

29.     Are you (or any of your household members or close friends and relatives) a member of any group that advocates either for or against the possession of guns?

30.     This trial is expected to last approximately three days; the length of deliberations is determined by the jury itself.  Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

31.     Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

32.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

33.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

34.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language? Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?

35.     Is there any reason or issue, not already raised, that might interfere with your ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

36.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides,  and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?


That is it for the questions.  If anyone did not hear a question completely, or needs to have it explained or repeated, please raise your hand.


Final Remarks

We know roughly how many jurors we need to talk to in order to have the 12 jurors plus the alternates, including strikes from counsel. And so what I will do is talk to as many people as I need to in order to make sure that I have a sufficient number of jurors. So it may be that we will not need to talk to everybody. I'll be bringing you up one by one. If I don't need to talk to you -- in other words, if I have a sufficient pool to make a selection of the jury, then we will stop at that point, shorten this process and get through it as quickly as we can.

Now what we're going to do is bring you up to the bench here one by one with your card. We will go over the information that you've listed, and have a discussion with you about it.

What I would ask is that if you need to use facilities, you can go outside, they can direct you to them. But please come back promptly. Don't wait around out in the hall. Certainly don't leave the courthouse. What happens is sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you. So it's important that if you go out, use the facilities, please come back into the courtroom promptly.

Now, I would ask that you not speculate about the case. I would ask that if you have information that you're going to be providing me, please don't discuss it with your fellow jurors so that you don't create problems for them by telling them something that may excuse you and then may wind up having to excuse them.

You can talk among yourselves, get to know your fellow jurors. This is a nice opportunity to do that. It's a nice cross-section of our community to be able to talk together, get to know your neighbors. There is no problem with that.

What I also ask is that if you do get up, that you look at whoever is on either side of you

and where you are -- we put you in order according to the list so we know who you are -- and I ask that you go back to the same seat.  Just make sure that you go back to the same place so we keep you in the order that we have you on the list and don't take you out of order.

Now, whether you go outside the courtroom to use facilities or if we wind up taking a lunch break, if you run into any of the witnesses that were introduced to you, I'd ask that you not stop and talk to them about anything.  If you're seen talking to them I need to make an inquiry to make sure you are not talking about the case.  You are not allowed to talk about the case.  You're not allowed to ask them any questions about the case at all.

That goes for the attorneys as well.  If you see them out in the hall, cafeteria, wherever, please don't talk to them.  Again, if you're seen talking to them, even if you're not talking about the case, I still need to make an inquiry.  It takes a lot of extra time.  It will prolong this whole process.  If you are talking about the case, then it definitely creates a problem and I'm instructing you that you are <u>not</u> to discuss the case.

We want you to come here without getting additional information from somebody else.  That way, if you're chosen as a juror you'll be making your decision based on the evidence that's going to be presented to you in the courtroom.

## <u>PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>

All citations are to the Red Book Criminal Jury Instructions unless otherwise noted.

**1.03**          **Preliminary Instruction Before Trial**

**1.02**          **Note Taking by Jurors (if applicable)**

**1.07**          **Questions Not Evidence**

**1.05**          **Cautionary Instruction Prior to First Recess**

**1.04**          **Stipulation of Fact (if applicable)**

**1.08**          **Expert Testimony**

# Form Instruction 1.03

## PRELIMINARY INSTRUCTION BEFORE TRIAL

[Instruction 1.02 in 1978 Edition]

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

[Insert at this point relevant instructions concerning:

1.  Notetaking by Jurors (*See* Instruction 1.02);

2.  Questions by Jurors (*See* Instruction 1.20); and

3.  Preliminary Instruction to Jury Where Identity of Alternates is Not Disclosed (*See* Instruction 1.21).]

**1.02        Note Taking by Jurors (if applicable)**

**A. PRELIMINARY INSTRUCTION WHEN NOTE TAKING IS PERMITTED**

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. It is my practice to allow jurors to take notes during the trial if they want to, and to have their notes with them during the jury's deliberations. Be mindful that trial transcripts will not be available during deliberations.  I want to emphasize that

Page 15 of  80

none of you are required to take notes. Indeed, you should not do so if you think that note taking will distract your attention from the evidence or the testimony of the witnesses. On the other hand, if you think that taking notes might help you remember the testimony of the witnesses and the other evidence in the case, or might make you pay more attention during the trial, you are free to take notes. You should remember that your notes are only an aid to help your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Whenever there is a recess in the trial, you should leave your notebooks and pencils on your seats.  They will be collected by the clerk and given to me to keep.   No one, including myself, will ever look at any of your notes. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notes will be destroyed. Again, neither I nor anyone else will look at any notes you have taken.


**1.21         Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed**

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. In some courtrooms, jurors in seats 13 and 14 are automatically the alternates, but that is not how it works in this courtroom. Instead, we randomly select the alternates' seats at the beginning of each trial from among all the jury seats so that any two seats -- 1 and 8, 10 and 5, 2 and 13, or

any other combination -- might turn out to be the seats of the alternates.

I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. Therefore, it is important that all of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

At the beginning of the jury selection process, you were introduced to some witnesses in person. Others were identified to you only by name. If, at any time during this trial, you suddenly realize that you recognize or might know any witness, lawyer, someone referred to in the testimony or evidence, or anyone else connected with this case in any way, you should tell the court immediately. You should not tell any other member of the jury about your discovery. If you realize you are acquainted with someone connected with this case while a witness is testifying, you should raise your hand immediately and ask to speak privately to the marshal or with me at the bench.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case which began when the grand jury returned an indictment. An Assistant United States Attorney will present the evidence in support of the charges in the indictment.

**[READ OR SUMMARIZE THE INDICTMENT OR INFORMATION]**

You should understand clearly that the indictment that I just read or summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

At the end of the trial, you will have to decide whether or not the evidence presented has convinced you beyond a reasonable doubt that the defendant committed the offense with which he has been charged. The defendant has been charged with the following three crimes:  unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year; unlawful possession with intent to distribute cocaine base, in the form known as crack; and using, carrying and possessing a firearm during a drug trafficking offense.

To prove unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year are:

[READ ELEMENTS OF THE UNLAWFUL POSSESSION OF A FIREARM AND

AMMUNITION OFFENSE AND ANY OTHER

REQUIRED INSTRUCTION RELATING TO

THE SUBSTANTIVE OFFENSE]

1)  That the defendant knowingly possessed a firearm, that is, a handgun, or that the defendant knowingly possessed ammunition;

2)  That the firearm or ammunition had been shipped or transported from one state to another; and

3)  That, at the time the defendant possessed the handgun or the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

[Read Instruction 3.08, Possession -- Defined.]

There are two kinds of possession: actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the [firearm], alone or with someone else.


The term firearm means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

An act is done knowingly if the defendant was conscious and aware of his/her act, realized what s/he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have traveled or

been transported in interstate commerce. Property is in interstate commerce if its movement originates in one state and passes through another state. The District of Columbia is considered a state for this purpose.  The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

[The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a convicted felon if it is demonstrated that the firearm possessed by a convicted felon had previously travelled in interstate commerce. It is not necessary that the government prove that the defendant purchased the gun in some state other than that where he was found with it or that he carried it across a state line, nor must the government prove who did purchase the gun. It is necessary only that the government prove that the defendant, having previously been convicted of a felony, knowingly possessed a firearm that, at some time, had previously traveled in interstate commerce.]

To prove unlawful possession with intent to distribute crack cocaine, the government must prove beyond a reasonable doubt each of the elements of this offense. The elements of unlawful possession with intent to distribute crack cocaine are:

[READ ELEMENTS OF THE PWID OFFENSE AND ANY OTHER

REQUIRED INSTRUCTION RELATING TO

THE SUBSTANTIVE OFFENSE]

1)      That the defendant possessed a controlled substance.

2)      That the defendant possessed the controlled substance knowingly and

intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally

or inadvertently.

3)      That when the defendant possessed the controlled substance he had the specific

intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The

government need not prove that the defendant received or expected to receive anything of value

in return.

The law makes [cocaine base] a controlled substance. You must decide whether the

material was [cocaine base, in the form known as crack].  In doing that, you may consider all

evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a

reasonable doubt that the defendant possessed with intent to distribute a detectable amount of

[crack cocaine].

The government is not required to prove that the defendant knew the precise type of

controlled substance that he possessed. The government must prove beyond a reasonable doubt,

however, that the defendant knew that he possessed some type of controlled substance.


To prove using, carrying and possessing a firearm during a drug trafficking offense, the

government must prove beyond a reasonable doubt each of the elements of this offense. The

elements of using, carrying and possessing a firearm during a drug trafficking offense are:

[READ ELEMENTS OF THE OFFENSE OF USING, CARRYING AND POSSESSING A

FIREARM DURING A DRUG TRAFFICKING OFFENSE AND ANY OTHER

REQUIRED INSTRUCTION RELATING TO

THE SUBSTANTIVE OFFENSE]

1)    That the defendant carried, used or possessed a firearm; and

2)    That he carried or used the firearm during and in relation to a drug trafficking offense charged in Count Two of the indictment or possessed the firearm in furtherance of a drug trafficking offense charged in Count Two of the indictment.

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action an explosive.  The government need not prove that the firearm was loaded or operable.

Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met.

The term "carry"means to bear on one's person.  In addition, the word "carry" applies to a person who knowingly possesses and conveys a firearm in any location within a vehicle which the person accompanies.  A person carries a firearm in a vehicle which the person accompanies.  A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location in a vehicle which the person accompanies, regardless whether the person bears the firearm on the person.

[See Instruction 3.08.  (Possession – Defined).]

There are two kinds of possession:  actual and constructive.

A person has actual possession of something if he has direct physical control over it.  He

has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the pistol, alone or with someone else.

The phrase "in relation to" means that there must be some relation between the firearm and the underlying offense. The firearm must have some purpose or effect with respect to the drug trafficking crime, such as when the gun is carried to protect drugs. In short, a firearm is used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime, you may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so.

The phrase "in furtherance of" means the act of furthering, helping forward, promotion, advancement, or progress. To show that the defendant possessed the firearm "in furtherance" of a drug trafficking offense, the Government must show that a firearm was possessed to advance or promote the commission of the underlying offense in Count Two of the indictment. The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime. Rather, the Government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity.

Page 23 of 80

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of the offense with which the defendant is charged, it is your duty to find him guilty. On the other hand, if you find that the government has failed to prove any element of the offense beyond a reasonable doubt, you must find the defendant not guilty.

As I explain how the trial will proceed, I will refer to the "government" and to the "defendant." When I mention the "government," I am referring to the person who is presenting the evidence in support of the charges contained in the indictment. In this case, it is the Assistant United States Attorney, Mr. Gorji. When I mention the defendant, I am referring either to the defendant Mr. Stewart or to his attorney, Mr. McDaniel.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. If the government makes an opening statement it must do so at the beginning of its case. The defendant may make an opening statement immediately after the government's opening statement, or may wait until the beginning of the defendant's case. The defendant does not have to make any opening statement. The opening statements are only intended to help you understand the evidence that the lawyers expect will be introduced. The opening statements are not evidence.

After the opening statement or statements, the government will introduce evidence to

support the charges in the indictment. After the government presents its evidence, the defendant

may present evidence, but he is not required to do so. The law does not require a defendant to

prove his innocence or to produce any evidence.

[Insert at this point relevant instruction concerning:  Question Not Evidence]

**1.07          Question Not Evidence** [Instruction 1.04 in 1978 Edition]

During the course of the trial, the lawyers will ask the witnesses questions.  Sometimes a

lawyer's question suggests that something is a fact. Whether or not something is a fact

depends on the witness' answer -- not the lawyer's question. A lawyer's question is not

evidence.

At the end of all of the evidence, each side will have an opportunity to make a closing

argument in support of its case. The lawyers' closing arguments, just like their opening

statements, are not evidence in this case. They are only intended to help you understand the

evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I

will tell you in detail about the rules of law that you must follow when you consider what your

verdict shall be. Your verdict must be unanimous; that is, all twelve jurors must agree on the

verdict.

At the end of all the evidence, I will instruct you once more on the rules of law that you

are to apply in your deliberations when you retire to consider your verdict in this case. Then each

party will have a chance to present oral arguments in support of its case. The statements of the

lawyers in their closing arguments, just as in their questions and in their opening statements, are

not evidence in this case. They are intended only to help you understand the evidence and what each party claims the evidence shows. Finally, at the end of the closing arguments, I will have a few additional instructions for you before you begin your deliberations.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law which applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You -- and only you -- are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide whether to believe any witness, and to what extent to believe any witness.

And remember, you must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory [and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and exhibits. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers in the case may object when the other side asks a question, makes an argument, or offers evidence which that lawyer believes is not properly admissible. You must not be prejudiced against the lawyer who makes the objection or the party s/he represents. Indeed, it is the lawyer's responsibility to object to evidence that he or she believes is not properly admissible.

If I sustain an objection to a question asked by a lawyer, you should forget the question because the question is not evidence. You must not guess or speculate what the answer to the question would have been. If a question is asked and answered, and I then rule that the answer should be stricken from the record, you must forget that both the question and the answer that were stricken. You should follow this same rule if any of the exhibits are stricken.

You must not be influenced by the nature of the charge in arriving at your verdict. Your responsibility is to decide this case solely on the evidence presented in the courtroom. As a result, you must not conduct any independent investigation of your own of the case -- like going to visit the scene.

In addition, you should disregard any statements made about the case by anyone outside the courtroom. You must not talk about the case with the lawyers, the defendant, witnesses, or anyone else connected with the case. If you see someone involved in this case outside the courtroom, other than a fellow juror, you should not speak with that person about anything. If, at any time during the trial, anyone tries to discuss the case with you or if you hear anyone talking about the case, you should refuse to participate in or listen to the discussion. If you speak with someone involved in the case outside the courtroom while the trial is still going on, we may have to stop the trial, pick a new jury and start all over again. You must also completely disregard any press coverage, including newspaper, television, or radio reports that you may read, see, or hear. If you are exposed to any news reports inadvertently, you should immediately disregard them and direct your attention elsewhere.

If you have heard any statements about the case, if anyone has tried to discuss the case with you or if you have been exposed to press coverage about the case, you must tell me about it immediately by informing the marshal or the courtroom clerk. You should not tell any of your fellow jurors or anyone else. You should tell only me, the marshal, or the clerk.

You must not discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. Until the case is submitted to you, you must not talk about it with your fellow jurors. You must not talk about the case to your friends or relatives, or even your husband or wife, until it is over and you have completed your deliberations.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you

keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

# Form Instruction 1.05

## CAUTIONARY INSTRUCTION PRIOR TO FIRST RECESS

[Instruction 1.025 in 1978 Edition]

We are about to take our first break during the trial and it is important that you follow

certain instructions whenever the court is in recess.

First, until I submit this case to you at the end of my final instructions, you must not

discuss it with anyone -- not with the parties, witnesses, attorneys, or anyone else connected with

the case. You must not even discuss it with your fellow jurors, friends or family members. To be

fair to both the government and the defendant, you should keep an open mind throughout the

trial. You should reach your conclusion only during the final deliberations after all the evidence

is in and you have heard the attorneys' closing arguments and my instructions to you on the law.

Second, do not permit any other person to discuss the case in your presence. This applies

to anyone, including members of your family, friends or relatives, courtroom spectators,

witnesses, reporters, and parties to this case. If anyone attempts to discuss the case with you, tell

them not to talk to you. If anyone attempts to discuss the case with you or you overhear any

discussion of the case, you must report that fact to me as soon as you can. However, you should

not discuss with any of your fellow jurors the fact that someone tried to discuss the case with you

or that you overheard a discussion, nor should you discuss with them any other fact that you feel

necessary to bring to the court's attention. If you need to advise me of such matters, please do so

through the marshal or clerk.

Finally, although it is a natural human tendency to talk with people with whom you may be thrown into contact, you must not talk to any of the parties or their attorneys or any witness in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having a conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you inadvertently find yourself in a courthouse corridor, elevator, the cafeteria, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see an attorney or witness involved in the case and they turn and walk away from you, they are not being rude. They are merely trying to avoid any contact with you as I have instructed them.

# Form Instruction 1.04

## DEFINITIONS

[New Instruction in 1993 Edition]

### A. **STIPULATION OF FACT**

The government and the defendants may stipulate -- that is, agree -- to certain facts. Any stipulation of fact is undisputed evidence, and you may consider it proven.

### B. **STIPULATION OF TESTIMONY**

The government and the defendants may stipulate -- that is, agree -- to what testimony a particular witness would have given if he or she had testified in this case.  You may consider stipulated testimony as exactly what this witness would have said had he or she testified.

## Form Instruction 1.08

### EXPERT TESTIMONY

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or

conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to

give opinions or conclusions because they have become expert in some art, science, profession or

calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted [          ] to testify as an expert concerning [      ].

You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient

education or experience, that the reasons supporting the opinion are not sound, or that the

opinion is outweighed by other evidence, you may completely or partially disregard the opinion.

In other words, give the opinion the weight you think it deserves after you consider it along with

all the other evidence.

### PROPOSED FINAL JURY INSTRUCTIONS

All citations are to the Red Book Criminal Jury Instructions unless otherwise noted.

| | |
|---|---|
| **1.02** | **Note Taking by Jurors** |
| **1.07** | **Questions Not Evidence** |
| **2.01** | **Function of the Court** |
| **2.02** | **Function of the Jury** |
| **2.03** | **Jury's Recollection Controls** |
| **2.04** | **Evidence in Case - Stipulations** |
| **2.05** | **Statements of Counsel** |
| **2.06** | **Indictment Not Evidence** |
| **2.07** | **Inadmissible and Stricken Evidence** |
| **2.08** | **Burden of Proof- Presumption of Innocence** |
| **2.09** | **Reasonable Doubt** |
| **2.10** | **Direct and Circumstantial Evidence** |
| **2.11** | **Credibility of Witnesses** |
| **2.13** | **Number of Witnesses** |
| **2.14** | **Nature of Charges Not to be Considered** |
| **2.26** | **Police Officer's Testimony** |
| **2.27** | **Right of Defendant Not to Testify (if applicable)** |
| **2.28** | **Defendant as Witness (if applicable)** |

**2.29**        **False or Inconsistent Statement By Defendant (if applicable)**

**2.48**        **Statements of the Defendant – Substantive Evidence**

**2.70**        **Redacted Documents (if applicable)**

**2.71**        **Election of Foreperson**

**2.72**        **Unanimity of Verdict**

**2.73**        **Exhibits During Deliberations**

**2.74**        **Possible Punishment Not Relevant**

**2.75**        **Communications between Court and Jury During Deliberations**

**2.76**        **Furnishing the Jury with a Copy of the Instructions**

**3.02**        **Proof of State of Mind**

**3.07**        **"On or About" - Proof Of**

**3.08**        **Possession defined**

**4.29**        **Possession of a Controlled Substance with Intent to Distribute (Alternative C, with Aggravating Circumstances subsection A-- U. S. District Court)**

**4.79**        **Unlawful Possession of a Firearm and Ammunition by a Person Previously Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year**

                **Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense**

**5.01**        **Defendant's Theory of the Case**

# Form Instruction 1.02

## NOTETAKING BY JURORS

[Instruction 1.015 in 1978 Edition]

B. <u>FINAL INSTRUCTION WHEN NOTETAKING IS PERMITTED</u>

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson. The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes when your verdict is announced. The clerk will give the notes to me and I will destroy your notes immediately after the trial. No one, including myself, will look at them.

## Form Instruction 1.07

### QUESTION NOT EVIDENCE

[Instruction 1.04 in 1978 Edition]

Sometimes a lawyer's question suggests that something is a fact. Whether or not something is a fact depends on the witness' answer -- not the lawyer's question. A lawyer's question is not evidence.

## Form Instruction 2.01

### FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on

questions of law; and to instruct you on the law which applies in this case.

It is your duty to accept the law as I state it to you. You should consider all the

instructions as a whole. You may not ignore any instruction, or question the wisdom of any rule

of law.

## Form Instruction 2.02

### FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. You alone decide what weight to give to the evidence presented during the trial. You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it. It is your sole and exclusive duty to decide the verdict in this case.

**Form Instruction 2.03**

**JURY'S RECOLLECTION CONTROLS**

If any reference by the court or the attorneys to evidence does not coincide with your own

recollection of the evidence, it is your recollection which should control during your

deliberations.

## Form Instruction 2.04

### EVIDENCE IN THE CASE -- STIPULATIONS

During your deliberations, you may consider only the evidence properly admitted in this

trial. The evidence in this case was the sworn testimony of the witnesses, [the exhibits which

were admitted into evidence], and [the facts and testimony stipulated to by the parties].

[During the trial, you were told that the parties had stipulated -- that is, agreed to --

certain facts. Any stipulation of fact is undisputed evidence, and you may consider it undisputed

evidence.]

[During the trial, you were told that the parties had stipulated -- that is, agreed to -- what

testimony a particular witness would have given if she had testified in this case. You may

consider this stipulated testimony as exactly what this witness would have said had she testified.]

When you consider the evidence, you are permitted to draw, from the facts which you

find have been proven, such reasonable inferences as you feel are justified in the light of your

experience.

## Form Instruction 2.05

### STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

## Form Instruction 2.06

### INDICTMENT OR INFORMATION NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime to bring him to

trial. You must not consider the indictment as evidence of any kind -- you may not consider it as

any evidence of the defendant's guilt or draw any inference of guilt from it.

## Form Instruction 2.07

### INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made

an argument, or offered evidence which the objecting lawyer believed was not proper. You must

not be prejudiced against the lawyer who made the objections. It is the lawyers' responsibility to

object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you

should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken,

you should disregard both the question and the answer in your deliberations.

Likewise, exhibits, as to which I have sustained an objection, or which I ordered stricken,

are not evidence and you must not consider them in your deliberations.

## Form Instruction 2.08

### BURDEN OF PROOF -- PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of

innocence remains with the defendant throughout the trial unless and until he is proven guilty

beyond a reasonable doubt.

The burden is on the government to prove the defendant guilty beyond a reasonable

doubt. This burden of proof never shifts throughout the trial. The law does not require a

defendant to prove his innocence or to produce any evidence. If you find that the government has

proven beyond a reasonable doubt every element of the offense with which the defendant is

charged, it is your duty to find him guilty. On the other hand, if you find the government has

failed to prove any element of the offense beyond a reasonable doubt, you must find the

defendant not guilty.

# REASONABLE DOUBT

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true.  In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  ***There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt***.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

United States v. Taylor, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).

## Form Instruction 2.10

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the facts of a case -- direct

evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual

knowledge of a fact, that witness' testimony is direct evidence. A chain of facts and

circumstances indicating the guilt or innocence of a defendant is circumstantial evidence

The law makes no distinction between the weight you should give to either kind of

evidence, nor does circumstantial evidence require a greater degree of certainty than direct

evidence. In reaching a verdict in this case, you should weigh all of the evidence presented, both

direct and circumstantial.

# Form Instruction 2.11

## CREDIBILITY OF WITNESSES

In determining whether the government has established the charges against the defendant

beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who

have appeared before you.

You are the sole judge of the credibility of the witnesses. In other words, you alone are to

determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter

that may have a bearing on the subject. You may consider the demeanor and the behavior of the

witness on the witness stand; the witness' manner of testifying; whether the witness impresses

you as a truthful person; whether the witness impresses you as having an accurate memory and

recollection; whether the witness has any motive for not telling the truth; whether the witness had

a full opportunity to observe the matters about which he or she has testified; whether the witness

has any interest in the outcome of this case, or friendship or hostility toward other people

concerned with this case.

[Inconsistencies or discrepancies in the testimony of a witness, or between the testimony

of different witnesses, may or may not cause you to discredit such testimony. Two or more

persons witnessing an incident or transaction may see or hear it differently; an innocent mis-

recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect

of the inconsistency or discrepancy, always consider whether it pertains to a matter of important

or unimportant detail, and whether the inconsistency or discrepancy results from innocent error

Page 49 of 80

or intentional falsehood.]

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## Form Instruction 2.13

### NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses

testifying for each side. Rather, you should consider all the facts and circumstances in evidence

to determine which of the witnesses you believe. You may find that the testimony of a smaller

number of witnesses on one side is more believable than the testimony of a greater number of

witnesses on the other side, or you may find to the contrary.

## Form Instruction 2.14

### NATURE OF CHARGES NOT TO BE CONSIDERED

[One of the questions you were asked when we were selecting this jury was whether the

nature of the charge would affect your ability to render a fair and impartial verdict. There was a

reason for that question.] You must not allow the nature of the charge itself to affect your verdict.

You must consider only the evidence that has been presented in this case in rendering a fair and

impartial verdict.

## Form Instruction 2.26

**POLICE OFFICER'S TESTIMONY**

[Instruction 2.25 in 1978 Edition]

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a police officer.

# Form Instruction 2.27

## RIGHT OF DEFENDANT NOT TO TESTIFY

[Instruction 2.26 in 1978 Edition]

Every defendant in a criminal case has an absolute right not to testify.  Darnell Stewart

has chosen to exercise his right to remain silent. You must not hold this decision against him, and

it would be improper for you to speculate as to the reason or reasons for his decision, and I,

therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt

from the defendant's decision not to testify.

# Form Instruction 2.28

## DEFENDANT AS WITNESS

[Instruction 2.27 in 1978 Edition]

The defendant has a right to become a witness in his/her own behalf. His testimony should not be disbelieved merely because he is the defendant. In weighing his testimony, however, you may consider the fact that the defendant has [a vital] [an] interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

# Form Instruction 2.29

## FALSE OR INCONSISTENT STATEMENT BY DEFENDANT

[Instruction 2.28 in 1978 Edition]

If you find that the defendant made false or inconsistent statements in explanation of his

actions, the following instruction would apply:

False or inconsistent statements that a defendant makes in explanation or defense, after a

crime has been committed, do not create a presumption of guilt. You may consider evidence of

such false or inconsistent statements, however, as tending to prove the defendant's consciousness

of guilt. You are not required to do so. You should consider and weigh evidence of the

defendant's false or inconsistent statements with all the other evidence in the case and give it the

weight that you believe it is fairly entitled to receive. It is up to you to decide whether the

defendant made the statements, and whether they were, in fact, false or inconsistent.

**2.48            Statements of the Defendant - Substantive Evidence (if applicable)**

Evidence has been introduced that the defendant made statements to the police about the crime charged. You should weigh that evidence with caution and carefully consider all the circumstances surrounding the making of the statement. Do this in deciding [whether the defendant made the statement and] what weight to give it, along with all the other evidence, when deciding the guilt or innocence of the defendant.

[If you decide that the defendant did make the statement,] in examining the circumstances surrounding the statement, you may consider whether the defendant made it freely and voluntarily with an understanding of what he was saying. You may consider whether he made it without fear, threats, coercion, or force, either physical or psychological, and without promise of reward. You may consider the conversations, if any, between the police and the defendant. For example, you may consider whether the police warned him/her of his/her rights; where and when the statement was given; the length of time, if any, that the police questioned him/her; who was present; the physical and mental condition of the defendant. You may consider the age, disposition, education, experience, character, and intelligence of the defendant. Considering all the circumstances, you should give his statement such weight as you think it deserves.

# Form Instruction 2.70

## REDACTED DOCUMENTS AND TAPES

[New Instruction in 2002 Edition]

During the course of this trial, a number of exhibits have been received in evidence,

including statements and portions of statements of witnesses or other persons. Sometimes only

those parts of a document or tape recording relevant to your deliberations are received in

evidence. Where this has occurred, I have required the irrelevant parts of the statement to be

blacked out or deleted. Only the relevant parts have been received in evidence and will be made

available to you. Thus, as you examine the exhibits, and you see or hear a statement where there

appears to be omissions, you should consider only the relevant portions that have been received

in evidence. You should not guess or speculate about anything that has been taken out.

# Form Instruction 2.71

## SELECTION OF FOREPERSON

[Instruction 2.69 in 1978 Edition]

When you return to the jury room, you should select a foreperson to preside over your

deliberations and to be your spokesperson here in court. There are no specific rules regarding

how you should select a foreperson. That is up to you. However, as you go about the task, be

mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider

whether you wish to select a foreperson who will be able to facilitate your discussions, who can

help you organize the evidence, who will encourage civility and mutual respect among all of you,

who will invite each juror to speak up regarding his or her views about the evidence, and who

will promote a full and fair consideration of that evidence.

## Form Instruction 2.72

### UNANIMITY

The verdicts must represent the considered judgment of each juror. In order to return

verdicts, each juror must agree to the verdicts. Your verdicts must be unanimous.

## Form Instruction 2.73

### EXHIBITS DURING DELIBERATIONS

[Instruction 2.70 in 1978 Edition]

[I am sending into the jury room with you the exhibits that have been received in

evidence [except for the [weapon(s)] [ammunition] [unsealed drugs] [other contraband]]. You

may examine any or all of them as you consider your verdicts.]

[If you wish to examine the [weapon(s)] [ammunition] [unsealed drugs] [other

contraband], the marshal will bring them to you and remain in the room while each of you has

the opportunity to examine this evidence. You should not discuss the evidence or otherwise

deliberate while the marshal is present.]

# Form Instruction 2.74

**POSSIBLE PUNISHMENT NOT RELEVANT**

[Instruction 2.71 in 1978 Edition]

The question of possible punishment of the defendant in the event of conviction is no

concern of yours and should not enter into or influence your deliberations in any way. The duty

of imposing sentence in the event of conviction rests exclusively with me. You should weigh the

evidence in the case and determine the guilt or innocence of the defendant solely upon the basis

of such evidence, without any consideration of the matter of punishment.

## Form Instruction 2.75

### COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S

### DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send

a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.

No member of the jury should try to communicate with me by any means other than a signed note

and I will never communicate with any member of the jury on any matter touching the merits of

this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person --

not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or

innocence until after you have reached a unanimous verdict. This means, for example, that you

never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other

fashion, whether for conviction or acquittal.

## Form Instruction 2.76

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

[Instruction 2.73 in 1978 Edition]

I will provide you with a [copy] [tape] of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may [refer] [listen] to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

## Form Instruction 3.02

### PROOF OF STATE OF MIND

Someone's intent and/or  knowledge ordinarily cannot be proved directly, because there is

no way of directly looking into the workings of the human mind. But you may infer the

defendant's intent or knowledge from the surrounding circumstances. You may consider any

statement made or acts done or omitted by the defendant, and all other facts and circumstances

received in evidence which indicate the defendant's intent and/or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable

consequences of acts knowingly done or omitted. It is entirely up to you, however, to decide what

facts to find from the evidence received during this trial. You should consider all the

circumstances in evidence that you think are relevant in determining whether the government has

proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

## Form Instruction 3.07

### "ON OR ABOUT" -- PROOF OF

[Instruction 3.10 in 1978 Edition]

You will note that the indictment charges that the offenses were committed "on or about"

September 27, 2005. The proof need not establish with certainty the exact date of the alleged

offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the

offenses were committed on a date reasonably near the date alleged.

## <u>VERDICT FORM EXPLANATION (BASED ON INSTRUCTION 2.77 DISCUSSION)</u>

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the essential elements which the government must prove beyond a reasonable doubt.   The form is meant only to assist you in recording your verdict.

The form is one page.  It has some space for entries of your verdict.  You should record your verdict on that form only after you have reached a unanimous verdict.  It should then be signed and dated by the foreperson.

##                RETURNING VERDICT AND POSSIBILITY OF A POLL

Lastly, I want to mention one or two matters before you begin your deliberations. These concern how your verdict will be delivered. When you have reached your verdict, just send me a note telling me you have reached a verdict, and have your foreperson sign the note. Don't tell me what your verdict is, and do not send your verdict form out. I will find out your verdict by asking your foreperson to provide the verdict form and state the verdict in open court after you have finished your deliberations and returned to court.

Don't be surprised when your verdict is returned if one of the parties asks that the jury be polled. The reason for polling the jury is because each party has a right to be sure that your verdict is unanimous. "Polling" means that after the foreperson states your verdict, I will ask each of you individually whether your verdict agrees with that announced by your foreperson. Your job is easy. If you agree with the verdict, you should simply say "yes" when I call the number of your jury seat. If you disagree in any way you should simply say "no." Do not say anything other than "yes" or "no" in response to a poll of the jury, and do not say anything during the poll unless and until your seat number is called.

If the polling indicates you have not reached a unanimous verdict, I will give you a further instruction and you will return to the jury room for further consideration of your verdict.

Ladies and Gentlemen, at this time you may retire to begin your deliberations, but before you retire I must extend my thanks and appreciation for the participation up to this point of jurors numbered _____ in seat _____, and _____ in seat _____. They were determined to be the alternate jurors in this matter, and I am required to excuse them prior to the beginning of deliberations. I wish to thank both of you, and you may return to the jury lounge.

## Form Instruction 3.08

### POSSESSION -- DEFINED

There are two kinds of possession: actual and constructive. A person has actual

possession of something if he has direct physical control over it.  He has constructive possession

of something when he does not have direct physical control over it, but knowingly has both the

power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show

possession. To prove possession, the government must prove beyond a reasonable doubt that the

defendant had actual or constructive possession of the gun or cocaine, alone or with someone

else.

## SPECIFIC CHARGES

## COUNT ONE:

The defendant is charged in Count One of the indictment with unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.  The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1)  That the defendant knowingly possessed a firearm, that is, a handgun, or that the defendant knowingly possessed ammunition;

2)  That the firearm or ammunition had been shipped or transported from one state to another; and

3)  That, at the time the defendant possessed the handgun or the ammunition, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The term firearm means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

An act is done knowingly if the defendant was conscious and aware of his/her act, realized what s/he was doing, and did not act because of mistake, inadvertence, or accident.

It is necessary that the firearm which the defendant allegedly possessed have traveled or been transported in interstate commerce. Property is in interstate commerce if its movement

originates in one state and passes through another state. The District of Columbia is considered a state for this purpose.  The interstate character of transport begins when the property is set aside for interstate transportation and comes into the possession of those who are assisting its movement in interstate transportation, and continues until the property arrives at its destination and is delivered.

[The government may meet its burden of proving a connection between interstate commerce and possession of a firearm by a convicted felon if it is demonstrated that the  firearm possessed by a convicted felon had previously travelled in interstate commerce. It is  not necessary that the government prove that the defendant purchased the gun in some state  other than that where he was found with it or that he carried it across a state line, nor must  the government prove who did purchase the gun. It is necessary only that the government  prove that the defendant, having previously been convicted of a felony, knowingly possessed  a firearm that, at some time, had previously traveled in interstate commerce.]

**[Authority:  18 U.S.C. § 922(g); Red Book Instruction 4.79 (modified)]**

[Stipulation:]

The parties have stipulated that at the time of his arrest in this case, on June 13, 2006, defendant Darnell Stewart had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

## COUNT TWO:

The defendant is charged in Count Two of the indictment with unlawful possession with intent to distribute crack cocaine.  The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1. That the defendant possessed a controlled substance.

[Read Instruction 3.08, Possession -- Defined, if necessary.]

2. That the defendant possessed the controlled substance knowingly and intentionally. This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.

3. That when the defendant possessed the controlled substance he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. The government need not prove that the defendant received or expected to receive anything of value in return.

The law makes [cocaine base] a controlled substance. You must decide whether the material was [cocaine base, in the form known as crack]. In doing that, you may consider all evidence that may help you, including exhibits, expert and non-expert testimony.

To establish the first element of the offense, the government must prove beyond a reasonable doubt that the defendant possessed with intent to distribute a detectable amount of [crack cocaine].

The government is not required to prove that the defendant knew the precise type of controlled substance that he possessed. The government must prove beyond a reasonable doubt, however, that the defendant knew that he possessed some type of controlled substance.

**[Authority:  Form Instruction 4.29; 21 U.S.C. Section 841(a)(1)]**

**COUNT THREE:**

The defendant is charged in Count Three of the indictment with using, carrying and possessing a firearm during a drug trafficking offense. The elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.    That the defendant carried, used or possessed a firearm; and

2.    That he carried or used the firearm during and in relation to a drug trafficking offense charged in Count Two of the indictment or possessed the firearm in furtherance of a drug trafficking offense charged in Count Two of the indictment.

Definition of "Firearm"

The term "firearm" includes any weapon which will or is designed to or can readily be converted to expel a projectile by the action an explosive. [**Authority:** 18 U.S.C. § 921(a)(3)].

The government need not prove that the firearm was loaded or operable. Unloaded and inoperable firearms can be a basis for a violation of this section if the other elements of the offense are met. [**Authority:** United States v. Ruiz, 986 F.2d 905, 910 (5th Cir.), cert. denied, 510 U.S. 848 (1993); United States v. Coburn, 876 F.2d 372, 375 (5th Cir. 1989)].

Definition of "Carry"

The term "carry" means to bear on one's person. In addition, the word "carry" applies to a person who knowingly possesses and conveys a firearm in any location within a vehicle which the person accompanies. A person carries a firearm in a vehicle which the person accompanies.

Page 74 of  80

A person carries a firearm in a vehicle when the person knowingly possesses the firearm in any location in a vehicle which the person accompanies, regardless whether the person bears the firearm on the person.  [**Authority**: <u>Muscarello v. United States</u>, 524 U.S. 125 (1998); <u>United States v. Joseph</u>, 169 F.3d 9, 13 (D.C.), <u>cert</u>. <u>denied</u>, 120 S. Ct. 266 (1999); <u>United States v. Toms</u>, 136 F.3d 176, 181 (D.C. Cir. 1998)].

<u>Definition of Possession</u>

[<u>See</u> Instruction 3.08.  (Possession – Defined).]

There are two kinds of possession:  actual and constructive.

A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or though another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession.  To prove possession, the government must prove beyond a reasonable doubt that  the defendant had actual or constructive possession of the pistol, alone or with someone else.

<u>Definition of "in Relation to"</u>

The phrase "in relation to" means that there must be some relation between the firearm and  the underlying offense.  The firearm must have some purpose or effect with respect to the

drug trafficking crime, such as when the gun is carried to protect drugs.  In short, a firearm is used "in relation to" a drug trafficking crime if the gun facilitates that drug crime in some way or has the potential of facilitating the drug crime, You may infer that the use of the firearm is intended to facilitate the underlying drug trafficking crime, but you are not required to do so. [**Authority:** Smith v. United States, 508 U.S. 223, 238 (1993); United States v. Harris, 959 F.2d 246, 261 (D.C. Cir), cert. denied, 506 U.S. 932 (1992); United States v. Evans, 888 F.2d 891, 895 (D.C. Cir. 1989), cert. denied, 494 U.S. 10190 (1990)].


Definition of "in furtherance of"

The phrase "in furtherance of" means the act of furthering, helping forward, promotion, advancement, or progress.  To show that the defendant possessed the firearm "in furtherance of" a drug trafficking offense, the Government must show that a firearm was possessed to advance or promote the commission of the underlying offense in Count Two of the indictment.  The mere presence of a firearm in an area where a criminal act occurs does not demonstrate that the firearm is possessed "in furtherance" of a drug trafficking crime.  Rather, the Government must prove, through direct or circumstantial evidence, that the firearm was possessed to advance or promote the criminal activity. [**Authority:** H.R. 105-344, 105th Cong., 1st Sess. §1(1997), 1997 WL 668339 *9 (leg. Hist.); 18 U.S.C. § 924 (c)(1)]

## Instruction 5.01

### DEFENDANT'S THEORY OF THE CASE

[to be provided by defense counsel]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  06-199 (GK)** |
| **v.** | : | |
| | : | |
| **DARNELL STEWART,** | : | |
| | : | |
| **Defendant.** | : | |

# <u>VERDICT FORM</u>

1.  How do you find the defendant, Darnell Stewart, as to Count
    One of the Indictment: Unlawful Possession of a Firearm and
    Ammunition By a Person Convicted of an Offense Punishable
    By a Term of Imprisonment Exceeding One Year.

    _____ Guilty  _____ Not Guilty

2.  How do you find the defendant, Darnell Stewart, as to Count
    Two of the Indictment: Unlawful Possession with Intent to
    Distribute Crack Cocaine.

    _____ Guilty  _____ Not Guilty

3.     How do you find the defendant, Darnell Stewart, as to Count
       Three of the Indictment: Using, Carrying, or Possessing a
       Firearm During a Drug Trafficking Offense.


_____ Guilty     _____ Not Guilty




_____          _____
Foreperson                                Date

WHEREFORE, as ordered by the Court, the Government hereby submits the foregoing voir dire, statement of the case,  jury instructions, and verdict form.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498-610

_____

PERHAM GORJI
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.,  Room #4233
Washington, DC 20530
(202) 353-8822; Fax: (202) 616-3782

_____

CERTIFICATE OF SERVICE

_____I HEREBY CERTIFY that a copy of the foregoing was served by mail, upon the attorney for the defendant, Brian McDaniel, 1211 Connecticut Avenue, NW, Suite 506, Washington, DC 20036, on this 21st day of February, 2007.

_____/s/_____
                                                        Assistant U.S. Attorney