## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **Criminal No.  CR 06-199** |
| v. | : | |
| | : | |
| DARNELL E. STEWART, JR., | : | |
| | : | |
| Defendant. | : | |

### DEFENDANT'S PROPOSED VOIR DIRE, STATEMENT OF THE CASE PRELIMINARY AND FINAL JURY INSTRUCTIONS

The Defendant, Darnell Stewart, Jr., by and through his attorney Brian K. McDaniel and McDaniel & Asso. P.A., respectfully request that the following voir dire questions be posed to the prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

### PROPOSED VOIR DIRE

<u>Introduction</u>

Good morning, Ladies and gentlemen, I am Judge Gladys Kessler, and I will be the presiding judge in this case.  You have been called to the courtroom for possible selection as jurors in a criminal case entitled <u>United States v. Darnell Stewart, Jr.</u>.  Mr. Stewart is charged with offenses which I will review with you in a moment.

Would you all please stand so that you can be sworn in by the Deputy Clerk, and then we will proceed.

### [SWEARING IN]

The procedure of jury selection is called the <u>voir</u> <u>dire</u> process, and the object is to select twelve (12) jurors and two (2) alternates who have no prior knowledge concerning this case and no bias toward either side in this case.  In short, it is our aim to select a jury that will reach a

verdict based solely upon the evidence presented in this courtroom and the law as I instruct you. During this voir dire process, you will be introduced to all of the participants in the trial and I will ask you a series of questions.

The words voir dire are a legal term which comes from the French language and means to speak truthfully, and the origin of voir dire helps explain its purpose. It is the time at the beginning of a trial when a jury is selected and when I will ask you some questions that the lawyers and I think will be helpful to us in selecting a fair and impartial jury. You, of course, are bound by the oath you've just taken to speak truthfully in response to those questions.

Now, as I just said, the reason for asking the questions is to help the parties and the Court select a jury that will be fair and impartial, that will make a decision based only on the evidence presented in the courtroom, and that will follow my instructions and will be fair to both sides.

You should have a little card and a pencil, hopefully. I would ask, if you haven't done so, that on one side of the card you put your juror number. As I go through each of these questions, if your answer is yes or if you think you have some information to provide in response to the question, just write down the number of the question. So don't write all of them down, just write down the ones for which you answer yes and have some information to provide to the court and counsel.

I will go through each question very carefully. If you want me to repeat it, please raise your hand. If you want me to go over it again because you didn't hear or understand it, please raise your hand.

Also as we go through this, if you remember information in response to an earlier question and you can't remember the number, there is sort of a catchall question at the end so you can just put that one down and then we can go back over what other information you have. The

card is used just as a reminder for you of which questions you answered "yes" to when I went through them all.

We're going to be asking you, from your perspective, what may appear to be some personal questions to attempt to get your viewpoints about things, and it's important that you be very straightforward with us and tell us your views. Your responses will make it easier for us to be able to select a jury. So I would hope that you would not view this as being intrusive. It is something that's important for counsel and for the Court to consider in deciding who should be on the panel in terms of whether people are going to be able to be impartial. You will not have to discuss your answers in front of everyone in court; at the end of the process I will be calling each of you to the bench one by one, where we will discuss your answers individually.

[**READ STATEMENT OF THE CASE**]

<u>**STATEMENT OF THE CASE**</u>

This is a criminal case involving the following allegations: (1) unlawful possession of a firearm and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year; (2) unlawful possession with intent to distribute cocaine; and (3) using, carrying and possessing a firearm during a drug trafficking offense. The government alleges that these crimes occurred on or about June 13, 2006, between the hours of 8:00 p.m. and 9:30 p.m., in the area of the 1600 block of V Street, Southeast, Washington D.C. and the 1800 block of 16th Street, Southeast, Washington, D.C..

<u>**VOIR DIRE**</u>

1.      Given the information that I just told you, do you think that you may know anything about the facts and circumstances of this case?

2.      I am Judge Kessler, and I will be the presiding judge in this case. Assisting me are _____, the Deputy Clerk; _____, the court reporter who keeps a record of the

proceedings for me and the litigants; and one of my law clerks, _____. Do you know or think that you recognize any of us?

3.     The United States is represented in this case today by Assistant United States Attorney_____. Do you know or think that you recognize the prosecutor?  The attorney representing Mr. Stewart is Attorney Brian K. McDaniel.    Do you know or think that you recognize Mr. McDaniel?

4.     Do you know or think that you recognize the defendant, Mr. Darnell Stewart, Jr.?

5.     Do you know or think that you recognize any member of the panel, for example from work, school, socially, prior jury service, or around the neighborhood?  Please take a look around to be sure.

6.     a)     The government may call some or all of the following persons as witnesses, who _____ will  now identify.  Not all of these witnesses will necessarily testify.  Do you know or think that you recognize any of these proposed witnesses?

       b)     The defense may call some or all of the following persons as witnesses, whom Mr. McDaniel will now identify, although the defense is not required to call any witnesses.  Do you know or think that you recognize any of these proposed witnesses?

7.     In a criminal trial, the defendant does not need to testify, call any witnesses, or produce any evidence whatsoever to prove his or her innocence.  Would you have any difficulty at all in applying this principle of law?

8.     A fundamental principle of our legal system is that when a person is charged with a criminal offense, he is presumed to be innocent.  The presumption of innocence can only be

overcome if the government proves the defendant's guilt beyond a reasonable doubt. Would you have any difficulty at all in applying this principle of law?

9.    Because Mr. Stewart is presumed innocent, he need not testify, nor offer any evidence.  Would you view his and his attorney's decision not to put on evidence, as evidence of guilt?

10.    To reach a verdict, every juror must agree on the verdict.  That is, any verdict must be unanimous.  In deliberations you must consider the opinions and points of your fellow jurors.  In the final analysis, however, you must follow your own conscience and be personally satisfied with any verdict.

a)  Would you have any difficulty at all in expressing your own opinions and thoughts about this case to your fellow jurors?

b)  Do you feel that you would tend to go along with the majority of jurors, even if you did not agree, just because you were in the minority?

12.    Do you have any beliefs regarding the trustworthiness of law enforcement agents or officers as a general matter, such that any of you would tend to give either more or less weight to, or tend to believe or disbelieve, the testimony of a law enforcement agent or officer simply because of his or her status as a law enforcement agent or officer?

13.    Have you ever served on a Grand Jury?

[*Follow-up at the bench:  Do you understand that the standard of proof for conviction at trial is beyond a reasonable doubt, which is a higher standard of proof required to indict, which is probable cause?  Would you have any difficulty at all in applying the correct standard as I define it for you at the close of this case?*]

14.    Have you ever served as a juror in a criminal case in a federal court, a District of Columbia court, or in a court located somewhere else?

*[Follow-up at the bench: What kind of cases, and was the jury able to reach a verdict in each case? Was there anything about that experience -- whether it involved the lawyers, the judge, the defendant, the evidence, or your jury deliberations -- that makes you feel that you would have trouble being fair and impartial, or would otherwise make it difficult for you to serve as a juror in this case?]*

15.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for any type of law enforcement agency? This would include, among others, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshal's Service, the Secret Service, the U.S. Park Police, the Postal Inspectors, the Military Police, the CIA, the IRS, Department of Homeland Security or other law enforcement agencies. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

16.     Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prosecutor's office? That can include the Department of Justice, a United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia, or any state, county, or district attorney's office. Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

17.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a prison, jail, or department of corrections? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

18.    Have you (or any of your household members or close friends and relatives) ever worked, in any capacity, for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia Public Defender Service, or similar organization, or been involved in any way in the defense of a criminal case? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job with any such individual or organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the credibility of police officers or law enforcement officers, or defense witnesses?*

*Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

19.     Have you (or any of your household members or close friends and relatives) ever studied law or had any legal training? This would include law school, paralegal training, or any post-graduate legal training.

20.     Have you (or any of your household members or close friends and relatives) ever worked at a courthouse or for a court system, in any capacity, including as a probation or parole officer? Please also answer "yes" to this question if you (or any of your household members or close friends and relatives) have ever applied for a job at any such organization, or are planning to in the near future.

*[Follow-up at the bench: What was the nature of the work? Would that experience affect your ability to serve as a juror in this case, especially if issues were to arise concerning the*

*credibility of police officers or law enforcement officers, or defense witnesses? Would that experience affect your ability to be fair and impartial in this case? Would it otherwise make it difficult for you to sit as a juror in this case?]*

21.     Have you (or any of your household members or close friends and relatives) ever been a witness to, a victim of, accused of, arrested for, or convicted of, any crime? For purposes of this question, do not include minor traffic violations.

22.     Have you ever belonged to or participated in any crime prevention groups, such as neighborhood watch organizations, "orange hat" groups, or any other crime prevention groups?

23.    Have you (or any of your household members or close friends and relatives) ever had an experience with law enforcement, prosecutors, police officers, or the court or court system, including traffic violations, that would make it difficult for you to be a fair and impartial juror in this case?

24.    Do you, because of the reported crime situation in D.C. or because of the reported incarceration rate in D.C., think that your own concerns or feelings would make it difficult to consider the evidence surrounding a criminal charge or to reach a verdict in a criminal case?

25.    The offenses in this case involve the alleged unlawful possession of illegal drugs. Do you feel that, because of the nature of the charges in this case, it might be difficult for you to sit as a juror?

26.    Do you have an opinion or feeling about the possession of drugs, or laws dealing with the possession of drugs, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial, such as a belief that drug possession should be legalized?

27.    The offenses in this case involve possession of a firearm by a person previously convicted by a crime punishable by a term of imprisonment exceeding one year. Do you feel that, because of the nature of the charge in this case, it might be difficult for you to sit as a juror?

28.    Do you have an opinion or feeling about the possession of firearms, or laws dealing with the possession of firearms, that would make it difficult to render a fair and impartial verdict based solely upon the evidence presented during the trial?

29.    Are you (or any of your household members or close friends and relatives) a member of any group that advocates either for or against the possession of guns?

30.     This trial is expected to last approximately five days; the length of deliberations is determined by the jury itself.  Do you have an urgent or extremely important matter to attend to this week such that you could be faced with a hardship if selected for the jury in this case?

31.     Do you have any moral, religious, or philosophical beliefs that would make it difficult for you to render a judgment in this case based solely upon the evidence presented during the trial?

32.     This case involves an individual who has been previously convicted of a crime which carries a potential term of imprisonment of greater than one year.  The only relevance of Mr. Ray's prior conviction is for purposes of determining whether he falls into the category of individuals covered by the statute. You will be specifically instructed that this prior conviction should not be considered by you for purposes of determining whether or not Mr. Ray possessed a gun or drugs, or whether he possessed a firearm in furtherance of a drug trafficking offense. Do any of you feel that you would not be able to follow this instruction?

33.     The law requires that jurors weigh the evidence in a case and reach a verdict based solely upon the admitted evidence and instructions of law, without any regard whatsoever for what the potential punishment might or might not be.  Would you have any difficulty at all in following this principle?

34.     Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court.  Would you for any reason not be able to accept and follow my instructions regarding the law?

35.     Do you have any vision or hearing problems, or are you sitting next to someone whom you believe may have a hearing problem or trouble understanding the English language?  Do any of you suffer from any illness that would make it difficult for you to sit as a juror?  Are any of you presently taking any medication that causes drowsiness, confusion or discomfort?36.     Is there any reason or issue, not already raised, that might interfere with your ability to treat both sides fairly and arrive at a fair and impartial verdict, or that causes you to feel you should not sit as a juror in this case?

37.     Finally, do any of you know of any other reason why you cannot sit as a juror in this case and be fair to both sides,  and render a fair and impartial verdict based upon the evidence and the law as you shall hear it?

That is it for the questions.  If anyone did not hear a question completely, or needs to have it explained or repeated, please raise your hand.

Final Remarks

We know roughly how many jurors we need to talk to in order to have the 12 jurors plus the alternates, including strikes from counsel.  And so what I will do is talk to as many people as I need to in order to make sure that I have a sufficient number of

jurors.  So it may be that we will not need to talk to everybody.  I'll be bringing you up one by one.  If I don't need to talk to you -- in other words, if I have a sufficient pool to make a selection of the jury, then we will stop at that point, shorten this process and get through it as quickly as we can.

Now what we're going to do is bring you up to the bench here one by one with your  card.  We will go over the information that you've listed, and have a discussion with you about it.

What I would ask is that if you need to use facilities, you can go outside, they can direct you to them.  But please come back promptly.  Don't wait around out in the hall. Certainly don't leave the courthouse.  What happens is sometimes people stand outside the courtroom and start talking among themselves and it means that the deputy courtroom clerk has to go out and find you.  So it's important that if you go out, use the facilities, please come back into the courtroom promptly.

Now, I would ask that you not speculate about the case.  I would ask that if you have information that you're going to be providing me, please don't discuss it with your fellow jurors so that you don't create problems for them by telling them something that may excuse you and then may wind up having to excuse them.

You can talk among yourselves, get to know your fellow jurors.  This is a nice opportunity to do that.  It's a nice cross-section of our community to be able to talk together, get to know your neighbors.  There is no problem with that.

What I also ask is that if you do get up, that you look at whoever is on either side of you and where you are -- we put you in order according to the list so we know who you are -- and I ask that you go back to the same seat.  Just make sure that you go back to the same place so we keep you in the order that we have you on the list and don't take you out of order.

Now, whether you go outside the courtroom to use facilities or if we wind up taking a lunch break, if you run into any of the witnesses that were introduced to you, I'd ask that you not stop and talk to them about anything.  If you're seen talking to them I need to make an inquiry to make sure you are not talking about the case.  You are not allowed to talk about the case.  You're not allowed to ask them any questions about the case at all.

That goes for the attorneys as well.  If you see them out in the hall, cafeteria, wherever, please don't talk to them.  Again, if you're seen talking to them, even if you're not talking about the case, I still need to make an inquiry.  It takes a lot of extra time.  It will prolong this whole process.  If you are talking about the case, then it definitely creates a problem and I'm instructing you that you are <u>not</u> to discuss the case.

We want you to come here without getting additional information from somebody else. That way, if you're chosen as a juror you'll be making your decision based on the evidence that's going to be presented to you in the courtroom.

FINAL JURY INSTRUCTIONS

Ladies and gentlemen of the jury, you are about to hear the closing arguments of counsel concerning the evidence in this case.  At this time, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented.  It is your sworn duty to base your verdicts upon the law given in these instructions and upon the evidence that has been admitted in this trial.

[2.01]    INSTRUCTIONS

In the first part of my instructions, I will talk about how you should review the evidence in this case.  In the second part, I will tell you what the law is with respect to the specific offenses charged in the indictment.  It is your duty to accept the law as I state it to you.  You should consider all the instructions as a whole.  You may not ignore any instruction, or question the wisdom of any rule of law.

[2.02]    FUNCTION OF THE JURY

Your function, as the jury, is to determine whether the government has proven the charged offenses beyond a reasonable doubt from the facts you find.  You are the sole judges of the facts.  You alone decide what weight to give the evidence presented during the trial.  You decide the value of the evidence and the believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy or favoritism. You should not be improperly influenced by anyone's race, nationality, ethnic origin or gender.  Decide the case solely from a fair consideration of the evidence.

You must not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any opinion as to the facts, you should ignore it.  It is your sole and exclusive duty to decide the verdict in this case.

[2.03]        JURY'S RECOLLECTION CONTROLS

If any reference by the court or the attorneys to evidence does not coincide with your own recollection of the evidence, it is your recollection which should control during your deliberations.

[1.02]        NOTE TAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notes with you to the jury room and use them during your deliberations if you wish.  As I told you at the beginning of the trial, your notes are only to be an aid to your memory and they should not replace your memory.  Those jurors who have not taken notes should rely on their own memory of the evidence and should not be influenced by another

juror's notes if the notes do not coincide with their memory.  The notes are intended to be for the notetaker's own personal use.

At the end of your deliberations, please tear out from your notebooks any notes you have made and give them to your foreperson.  The clerk will collect your notebooks and pencils when you return to the courtroom, and I will ask the foreperson to give the clerk your notes after your verdict is announced.  The clerk will give the notes to me and I will destroy your notes immediately after the trial.  No one, including myself, will look at them.

[2.04]     EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case was the sworn testimony of the witnesses and the exhibits which were admitted into evidence, regardless of who may have produced them.  Any stipulation of fact is undisputed evidence, and you may consider it undisputed evidence.

When you consider the evidence, you are permitted to draw, from facts which you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

[11.10 RB]     TYPEWRITTEN TRANSCRIPTS OF TAPE RECORDED CONVERSATIONS

Tape recordings of conversations identified by witnesses have been received in evidence and were played for you.  Transcripts of these tape recorded conversations have been shown to you solely for your convenience in assisting you in following the conversations or in identifying the speakers as the recordings were being played.  During your deliberations, you may ask to see a transcript.  However, just as it was during the trial, you may look at the transcript only if and when the related tape recorded conversation is played at the same time.

What you heard on the tapes themselves is evidence in the case.  What you read on the transcript is merely an interpretation of the recording.  If you perceived any variation between the transcript and the tapes, you must be guided solely by the tapes and not by the transcripts.  If you could not, for example, determine from the tape recording that particular words were spoken, or if you could not determine from the tape recording

who said a particular word or words, you must disregard the transcripts insofar as those words or that speaker are concerned.

[2.05]     STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.

[1.07]     QUESTION NOT EVIDENCE

Sometimes a lawyer's question suggests that something is a fact.  Whether or not something is a fact depends on the witness's answer, not the lawyer's question.  A lawyer's question is not evidence.

[2.06]     INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime in order to bring him to trial.  You must not consider the indictment as evidence of any kind.  You may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

[2.07]     INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence which the objecting lawyer believed was not proper.  You must not be prejudiced against the lawyer who made the objections.  It is the lawyers' responsibility to object to evidence which they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should disregard the question and you must not speculate as to what the answer would have been.

If, after a witness answered a lawyer's question, I ruled that the answer should be stricken, you should disregard both the question and the answer in your deliberations.

[2.08]        BURDEN OF PROOF; PRESUMPTION OF INNOCENCE

A defendant in a criminal case is presumed to be innocent.  This presumption of

innocence remains with the defendant throughout the trial unless and until he is proven

guilty beyond a reasonable doubt.

The burden is on the government to prove a defendant guilty beyond a reasonable

doubt.  This burden of proof never shifts throughout the trial.  The law does not require a

defendant to prove his innocence or to produce any evidence.  If you find that the

government has proven beyond a reasonable doubt every element

of the offense with which the defendant is charged, it is your duty to find him guilty.

On the other hand, if you find the government has failed to prove any element of the

offense beyond a reasonable doubt, you must find the defendant not guilty.

[    ]        REASONABLE DOUBT

As I have said many times, the government has the burden of proving the

defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in

civil cases, where you were told that it is necessary to prove only that a fact is more likely

true than not true.  We call that a preponderance of the evidence.  In criminal cases, the

government's proof must be more powerful than that.  It must be beyond a reasonable

doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the

defendant's guilt.  There are very few things in this world that we know with absolute

certainty, and in criminal cases the law does not require proof that overcomes every

possible doubt.  The government is not required to establish guilt beyond all doubt, or to

a mathematical certainty or a scientific certainty. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of a crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

[2.52]  MULTIPLE COUNTS – ONE DEFENDANT

A separate offense is charged in each of the counts of the indictment which you are to consider. Each offense, and the evidence which applies to it, should be considered separately, and you should return separate verdicts as to each count. Except as I instruct you otherwise, the fact that you may find the defendant guilty or not guilty on any one count of the indictment should not control or influence your verdict with respect to any other count of the indictment.

[2.10] DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. A chain of facts and circumstances indicating the guilt or innocence of a defendant is circumstantial evidence. The law makes no distinction between the weight you should give to either kind of evidence, nor does circumstantial evidence require a greater degree of certainty than direct evidence does. In reaching a verdict in this case, you should weigh all of the evidence presented, both direct and circumstantial.

[2.13]  NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and

circumstances in evidence to determine which of the witnesses you believe. A jury may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side.

[2.14]  NATURE OF THE CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict. There was a reason for that question. You must not allow the nature of the charges themselves to affect your verdict. You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

[2.11]  CREDIBILITY OF WITNESSES

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters

about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

[1.10 - 1.11]  EVALUATION OF PRIOR CONSISTENT AND INCONSISTENT STATEMENTS

The testimony of witnesses may be discredited or impeached by showing that they have previously made statements which are inconsistent with their present courtroom

testimony. It is for you to decide whether a witness made a statement on an earlier

occasion and whether it was in fact inconsistent with the witness's in-court testimony

here. If a witness at trial has been confronted with a prior statement which that witness

made, and that prior statement is inconsistent with his or her testimony here in court, then

you may consider the prior statement when you assess the truthfulness of the testimony

the witness gave in court. You may not consider the earlier statement as proof that what

was said in the earlier statement was true, unless the statement was made under oath,

subject to penalty of perjury. If the earlier statement was made under oath, subject to

penalty of perjury, you may consider this earlier statement also as proof that what was

said in the earlier statement was true. If you believe that any witness has been discredited

or impeached, then you should give his or her testimony the weight, if any, that you judge

it is fairly entitled to receive.

The testimony of a witness may be rehabilitated or supported by showing that the

witness has previously made statements that are consistent with his present testimony.

The prior statements are admitted into evidence both for your consideration in evaluating

the credibility of the witness and as evidence in this case. If you find the prior statements

to be consistent, you may consider such statements both in evaluating the credence to be

given the witness's present testimony in court and as evidence in this case.

[2.26]     LAW ENFORCEMENT OFFICER'S TESTIMONY

A law enforcement officer's testimony should be considered by you just as any

other evidence in the case. In evaluating the officer's credibility, you should use the same

guidelines which you apply to the testimony of any ordinary witness. In no event should

you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

[1.08]    EXPERT TESTIMONY

Ordinarily, the rules of evidence do not permit witnesses to testify as to opinions or conclusions. But there is an exception to this rule for expert witnesses. Experts are allowed to give opinions or conclusions because they have become expert in some art, science, profession or calling. They may give their opinions or conclusions, and reasons for their opinions.

In this case, the court has permitted various witnesses to testify as an experts concerning drug chemistries, and Andrew Sites to testify as an expert in the development and comparison of latent fingerprints. If you find that an opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. In other words, give the opinion the weight you think it deserves after you consider it along with all the other evidence.

[1.12]    IMPEACHMENT BY PROOF OF CONVICTION OF A CRIME -
            WITNESS

The testimony of a witness may be discredited or impeached by showing that he or she has been convicted of a crime. A witness's prior criminal conviction is admitted into evidence solely for your consideration in evaluating his or her credibility as a witness. You may consider the prior conviction only in evaluating the credibility of that witness's testimony in this case.

[NEW 2.27] DEFENDANT'S EXERCISE OF RIGHT TO REMAIN SILENT

Every defendant in a criminal case has an absolute right not to testify.  Defendant Marcus Pinckney has chosen to exercise his right to remain silent.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any inference of guilt from the defendant's decision not to testify.

[2.28]    DEFENDANT AS WITNESS

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In weighing his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony such weight as in your judgment it is fairly entitled to receive.

I will now instruct you regarding the particular elements of the crimes charged in the indictment.

[3.08]    POSSESSION – DEFINED

The terms "possess" or "possession" appear in many places throughout these instructions.  I will now instruct you on the legal definition of "possession."

There are two kinds of possession:  actual and constructive.  A person has actual possession of something if he has direct physical control over it.  He has constructive possession of something when he does not have direct physical control over it, but knowingly has both the power and the intent at a given time to control it, either by himself or through another person.

Possession may be shared with one or more people.

Mere presence near something or mere knowledge of its location is not enough to show possession. To prove possession, the government must prove beyond a reasonable doubt that the defendant had actual or constructive possession of the item or items in question, alone or with someone else.

[37.13 DB] "KNOWINGLY" - Defined

I remind you that a person acts "knowingly," as the term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake, or misunderstanding or other similar reason.

[3.02]    PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of directly looking into the workings of the human mind. But you may infer a defendant's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate a defendant's intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

[3.07]    "ON OR ABOUT" -- PROOF OF

You will note that the indictment charges that the offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact dates of the

alleged offenses.  It is sufficient if the evidence in the case establishes beyond a

reasonable doubt that the offenses were committed on dates reasonably near the dates

alleged.

<u>CLOSING REMARKS</u>

[2.71]     ELECTION OF FOREPERSON

When you return to the jury room, you should first select one of your members to

be the foreperson.  The foreperson should preside over your deliberations and will be

your spokesperson here in court.  There are no specific rules regarding how you select a

foreperson.  That is up to you.  However, as you go about the task, be mindful of your

mission: to reach a fair and just verdict based on the evidence.  Consider whether you

wish to select a foreperson who will be able to facilitate your discussions, who can help

you organize the evidence, who will encourage civility and mutual respect among all of

you, who will invite each juror to speak up regarding his or her views about the evidence,

and who will promote a full and fair consideration of that evidence.

[2.72]     UNANIMITY

The verdicts must represent the considered judgment of each juror.  In order to

return verdicts, each juror must agree to the verdicts.  Your verdicts must be unanimous.

[2.75]     COMMUNICATIONS BETWEEN THE COURT AND JURY DURING

             JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you

may send a note by the clerk or marshal, signed by your foreperson or by one or more

members of the jury.  No member of the jury should try to communicate with me by any

means other than a signed note and I will never communicate with any member of the

jury on any matter touching the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how the jury stands on the question of the defendant's guilt or innocence until after you have reached a unanimous verdict. This means, for example, that you never should state to the court that the jury is divided 6 to 6, 7 to 5, 11 to 1, or in any other fashion, whether for conviction or acquittal.

[2.76]    FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS

I will provide you with a copy of my instructions. During your deliberations, you may, if you want to, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. The fact that you have been provided a copy of my instructions should not discourage you from making an inquiry regarding the meaning of these instructions if necessary. Please return the instructions to me when your verdict is rendered.

[2.73]    EXHIBITS DURING DELIBERATIONS

I am not sending the exhibits that have been admitted into evidence with you as you start your deliberations. However, you are entitled to see any or all of these exhibits as you deliberate. I suggest that you begin your deliberations and then, if it would be helpful to you, you may ask for any or all of the exhibits which have been admitted into evidence simply by sending me a note from your foreperson through one of the marshals.

[2.74]    POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of conviction is no concern of yours and should not enter into or influence your deliberations in any way. You should weigh the evidence in the case and determine the guilt or innocence of the defendant solely upon the basis of such evidence, without any consideration of the matter of punishment.

Respectfully Submitted,

_____

Brian K. McDaniel, Esq.
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331-0793

Counsel for the Defendant.