

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 15, 2007

Brian McDaniel
1211 Connecticut Avenue, NW
Suite 506
Washington, DC 20036
(202) 331-0793
Fax: (202) 331-7004

**FILED**

MAY 1 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

      Re:    United States v. Darnell Stewart
                Case No. 06-199 (GK)

Dear Mr. McDaniel:

      This letter confirms the agreement between your client, Darnell Stewart, Jr., and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire after April 2, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**Charges and Statutory Penalties**

      1.    Your client, Darnell Stewart, agrees to admit guilt and enter a plea of guilty to an information to be filed by the Government charging him with Possession With Intent to Distribute a Controlled Substance While Armed, in violation of D.C. Code Sections 48-904.01(a)(1), 22-4502 (2001 ed.) ("PWID crack cocaine while armed") and Carrying a Pistol Without a License, in violation of D.C. Code Section 22-4504(a) (2001 ed.) ("CPWL").

      2.    Your client understands that pursuant to D.C. Code Sections 48-904.01(a)(1), 22-4502, the PWID crack cocaine while armed charge carries a maximum penalty of 30 years

imprisonment and a fine no greater than $500,000.[1] Pursuant to D.C. Code Section 22-4504(a), the CPWL charge carries a maximum penalty of not more than 5 years imprisonment and a fine not more than $5000. In addition, your client understands that pursuant to D.C. Code Section 4-516, the Court must impose a special assessment between $100 and $5000 for each felony offense.

3.  In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, in consideration of your client's plea to the above offense, the Government agrees to dismiss the indictment in this case, at the time of sentencing. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

4.  Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5.  Your client understands that the court may use the District of Columbia Sentencing Commission's voluntary sentencing guidelines ("D.C. Sentencing Guidelines") in imposing the sentence in this case. Both parties agree that neither the United States nor your client will seek an upward or downward departure outside of your client's applicable guideline range. Your client further understands that the applicable guideline range will not be determined by the court until the time of sentencing.

6.  The parties further agree that a sentence within the applicable range established by the D.C. Sentencing Guidelines would constitute a reasonable sentence in light of all relevant factors. In addition, neither party will seek a sentence outside of the applicable D.C. Sentencing Guidelines range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced; however, provided your client is not rearrested or charged with any new offense between the time of the plea and the time of sentencing, the Government agrees it will not request a period of incarceration greater than 5 years, and will not oppose your client's request that the sentence for each offense be imposed concurrently.

---

[1] The parties agree that a mandatory minimum term of imprisonment does not apply to the PWID while armed count because the Government will not charge the defendant with use of an *operable* firearm in the information filed for purposes of this plea, and will not provide notice of prior convictions pursuant to D.C. Code Section 23-111.

### Agreement as to Sentencing Allocution

7.  In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

8.  It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range, the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

9.  It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the D.C. Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Forfeiture

10.  Your client agrees to waive your client's interest in, if any, and not to contest the administrative forfeiture of the following property: a 2005 blue Dodge Magnum, bearing VIN 2D8GV58245H131780 and D.C. license plate number CM 3436; a Glock .40 caliber semiautomatic handgun, bearing serial no. DYS141, and magazine and 10 rounds of ammunition contained therein; and $795 in U.S. Currency recovered at the time of your clients arrest.

### Release/Detention

11.  Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing or oppose his voluntary surrender upon his

3

assignment by the Bureau of Prisons, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

### Breach of Agreement

12.  Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

13.  Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

14.  Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

15.  Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Constitutional and Statutory Rights

16.  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including:

4

the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Waiver of Statute of Limitations

17. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

18. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

19. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

20. Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

21.     If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: PERHAM GORJI
Assistant United States Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822

## DEFENDANT'S ACCEPTANCE

I have read all __6__ pages of this plea agreement and have discussed it with my attorney, Brian McDaniel, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one. I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-16-07

Darnell Stewart, Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the __6__ pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/16/07

Brian McDaniel, Esquire
Attorney for the Defendant