IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | Cr. Case No.:CR-06-199 |
| DARNELL E. STEWART, JR. ) | Sentencing August 13, 2007 |
| ) | The Hon. Judge Kessler |
| Defendant, ) | |
| _____) | |

**DEFENDANT'S SENTENCING BRIEF AND POSITION OF THE
DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

The defendant, through counsel, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and , in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

**I.     Factual Additions and Corrections to the PSR.**

Having received a copy of the at issue pre-sentence report, the defendant along with counsel has reviewed it's contents and have not identified any material inaccuracies.

**II.    18 U.S.C. § 3553(a) Factors to Be Considered in Imposing a Sentence**

    **1.    The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Here Mr. Stewart has admitted possession of the .40 caliber Glock semi-automatic pistol laded with ten rounds of ammunition which was recovered from the vehicle which he was operating on June 13, 2006. In addition and as noted by the PSR Mr. Stewart also accepted responsibility for and pled guilty to the possession with the intent to distribute

crack cocaine (both offenses under the D.C. code and applicable to the superior court sentencing guidelines). This case does not present with the more egregious profile of multi-kilogram deliveries or possessions for the purpose of wealth building.

> 2. **The Need for a Sentence.**
>
>> A. **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The offense is serious, certainly. However, in the milieu of drug offenses the Court must recognize that its scale is often dwarfed by other cases that regularly come before the Court. In the era of Guidelines sentencing the time given citizens took on almost unreal and unbelievable dimensions. Prosecutors, defense attorneys, probation officers and the Court were compelled to discuss, almost casually, decades of a defendant's life lost to him and his family. Should the Court determine to impose a sentence even well below the advisory guideline range, the sentence still will effectively reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

>> B. **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct.**

When counsel met with the defendant to discuss the present report, there was no question but that the seriousness of the offense was apparent to him. Nor was there any question then, or now, that this experience impresses the defendant with a healthy respect for and the need to conduct oneself within the bounds of the law. This, especially in light of the lengthy period of incarceration that the defendant was exposed to at the initial trial of this matter. The defendant's choices have placed his liberty interests in harms way for

the significant future. The sentence that he is currently pending may contribute tangentially to the promotion of deterrence to criminal conduct. The defendant's arrest and subsequent experiences leading up to the day of sentencing have already, and effectively, achieved the goal of promoting deterrence to the further criminal conduct of the defendant.

      C.      **The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant.**

The defendant turned 28 on April 28, 2007. The defendant has made foolish choices that have hurt his family grievously. The defendant, while in the community, has been in compliance with the strictures of the pre-trial supervision office. He has been required to report to his supervisor both in person and by telephone and has also been required to submit to drug testing. Although the report of the use of p.c.p. by the defendant prior to his arrest in this matter should certainly be of concern to this court, it appears that under the right circumstances and with an appropriate level of supervision, Mr. Stewart is capable of curtailing his drug use. This has been an extremely sobering experience for the defendant which will likely result in a lengthy period of incarceration. It is counsel's belief that this defendant, upon his release, will not be a participant in the rampant recidivism that is too often seen.

      D.      **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

The defendant, as noted in the PSR, has endured a long battle with drug addiction. Counsel is requesting that this court recommend the defendants participation in the 500 hour drug treatment program in an effort to address the aforementioned issues. Whatever

period of confinement the defendant must serve truly will be time lost to him and his family that could be better spent in the community.

    **3.**     **The Kinds of Sentence Available.**

This court is not bound by the guideline range which has been calculated using the Superior Court Guidelines for these offenses. However the parties have agreed and contracted under the March 15, 2007 plea letter that the government will not be requesting a period of incarceration greater than 5 years and will not oppose Mr. Stewart's request that the sentences for each of the counts be imposed concurrent to one another.

    **4.**     **The Guidelines Sentencing Range.**

        **A.**     **Factors and Facts in Dispute.**

None.

    **5.**     **Pertinent Policy Statement Issued by the Sentencing Commission.**

None.

    **6.**     **The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who Have Been Found Guilty of Similar Conduct.**

None.

    **7.**     **The Need to Provide Restitution to Any Victims of the Offense.**

None.

**III.**     **Placement.**

The defendant respectfully asks that the Court recommend to the Bureau of Prisons that the defendant be placed in the Correctional facility in Loretto, PA.

**IV.**     **Costs and Fine.**

The defendant is indigent. The defendant, by counsel, respectfully asks the Court waive any costs or fine it otherwise might impose.

Respectfully Submitted,

_____
Brian K. McDaniel
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 – 0793
Brianmac1911@aol.com

**CERTIFICATE OF MAILING**

I hereby certify that on this 8th day of August, 2007, a copy of the foregoing U.S.C. 18 §3553 Memorandum in Aid of Sentencing was sent by facsimile: Mr. Perham Gorji, Esq. 555 4th Street N.W. Washington, D.C. 20530.

_____
Brian K. McDaniel