*Judge Kessler* Page 2

Copies to: Judge
AUSA – Special Proceedings
Dft.

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted):<br>DARNELLE STEWART, JR. | | Docket or Case No.:<br>06-199  GK |
| Place of Confinement:<br>FCI GILMER MEDIUM INSTITUTION | | Prisoner No.:<br>#02917-007 |
| UNITED STATES OF AMERICA<br><br>v. | | Movant (include name under which you were convicted)<br>DARNELLE STEWART, JR. |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
    333 CONSTITUTION AVENUE, N.W.
    WASHINGTON, D.C. 20001

    (b) Criminal docket or case number (if you know):  06-199

2.  (a) Date of the judgment of conviction (if you know):  5/16/2007

    (b) Date of sentencing:  8/13/2007

3.  Length of sentence:  84 MONTHS

4.  Nature of crime (all counts):

    CARRYING A PISTOL WITHOUT A LICENSE, POSSESSION WITH INTENT TO DISTRIBUTE A
    CONTROLLED SUBSTANCE WHILE ARMED

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ❏          (2)   Guilty ☑          (3)   Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
    or indictment, what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)        Jury ❏        Judge only ❏

FILED

AUG – 8 2008

Clerk, U.S. District and
Bankruptcy Courts

RECEIVED

AUG – 8 2008

Clerk, U.S. District and
Bankruptcy Courts

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ❏    No ☑

8.  Did you appeal from the judgment of conviction?    Yes ❏    No ☑

9.  If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ❏    No ☑

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions,

   petitions, or applications concerning this judgment of conviction in any court?

      Yes ❏    No ☑

11. If your answer to Question 10 was "Yes," give the following information:

   (a)  (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐  No ☑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ☐   No ☑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:      Yes ☐   No ☑

(2) Second petition:    Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Trial Court erred in sentencing petitioner above the statutory maximum allowed by law.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

SEE ATTACHED MEMORANDUM OF LAW

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

THE ABOVE MATTER IS NOT A MATTER FOR THE APPELLATE COURT

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


**GROUND TWO:**

 NOT APPLICABLE

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**


(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

**(b)  Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:


    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:
   SAME
(b) At arraignment and plea:
   BRIAN MCDANIEL, 1211 CONNECTICUT AVENUE, N.W., WASHINGTON, D.C. 20036
(c) At trial:
   SAME
(d) At sentencing:
   SAME

Page 12

(e) On appeal:

NOT APPLICABLE

(f) In any post-conviction proceeding:

NOT APPLICABLE

(g) On appeal from any ruling against you in a post-conviction proceeding:

NOT APPLICABLE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:  NOT APPLICABLE

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
   must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
   bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

   A one-year period of limitation shall apply to a motion under this section.  The limitation period
   shall run from the latest of —
   (1) the date on which the judgment of conviction became final;
   (2) the date on which the impediment to making a motion created by governmental action in
   violation of the Constitution or laws of the United States is removed, if the movant was
   prevented from making such a motion by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if
   that right has been newly recognized by the Supreme Court and made retroactively
   applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been
   discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

Correct the sentence and resentence him

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on  August 6, 2008 (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA


DARNELLE STEWART, JR.,

        PETITIONER,

                                       Civil Action No:_____

                                       Crim. No: 06-199

        -VS-


UNITED STATES OF AMERICA,

        RESPONDENT.

_____/


MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE,

SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C.A.

§2255

_____

Comes Now, Darnelle Stewart, Jr. (hereinafter "Petitioner"),
proceeding in propria persona, respectfully moves this Honorable
Court, to grant his motion to vacate, set aside, or correct sentence
pursuant to 28 U.S.C.A. §2255.

### PROCEDURAL HISTORY

During the evening hours of June 13, 2006, members of the
Seventh District Police department were conducting an observation
post in the area of 16th and V Streets, Southeast, in the Washing-
ton, D.C. metropolitan area. While conducting this observation,
the officers observed petitioner going to and from a blue Dodge
Magnum vehicle making illegal narcotics sales. After observing
these transactions take place--the officers had waited until the
petitioner had entered the vehicle and drive off before they be-
gan to follow him. The officers had followed petitioner for about
four blocks before coming to a stop light. Upon their arrival at

the stop light, the officers conducted a car stop, removed the
petitioner from the car, and placed him under arrest.

### FACTS OF THE CASE

On July 6, 2006, a federal grand jury returned an indictment
charging petitioner with count one: Unlawful possession of a
firearm and ammunition by a person convicted of a crime punish-
able by imprisonment for a term exceeding one year, in violation
of title 18, United States Code, Section 922(g)(1); Count two:
Unlawful possession with intent to distribute 5 grams or more
of cocaine base, in violation of title 21, United States Code,
Sections 841(a)(1) and 841(b)(1)(B)(iii); Count three: Using,
Carrying and Possessing a firearm During a Drug Trafficking
Offense, in violation of title 18, United States Code, Sections
924(c)(1).

On May 16, 2007, petitioner entered a plea of guilty on a
superseding information charging him with possession with intent
to distribute a controlled substance while armed, in violation
of D.C. COde Sections 48-904.01(a)(1), 22-4502 (2001 ed.); Carry-
ing a Pistol without a License, in violation of D.C. Code Section
22-4504(a) (2001 ed.).

On August 13, 2007, petitioner was sentenced before the Honor-
able Gladys Kessler to an eighty-four (84) months term of imprison-
ment on Count one, and thirty-two (32) months of imprisonment on
Count two of the superseding information to served concurrently,
followed by three years supervised release on Count one, and three
years supervised release on Count two of the superseding informat-
ion to be served concurrently.

-2-

<u>JURISDICTION</u>

The Petitioner's motion to vacate, set aside, or correct sentence is properly before this Court.

28 U.S.C.A. §2255 requires a prisoner's sentencing court to release him or her if the prisoner's sentence was imposed in violation of the Constution or laws of the United States...or if the sentence was in excess of the maximum authorized by law. The statute provides that if the court finds for the prisoner, it may vacate, set aside, or correct sentence, as is appropriate.

<u>ARGUMENT</u>

I. <u>SENTENCING</u>

"[A] sentence is illegal if, among other things, it is one which the judgment of conviction does not authorize." <u>United States v. Plain</u>, 856 F.2d 913 n.5 (7th Cir. 1988). The Advisory Committee notes indicate that a district court could entertain a §2255 motion challeging an illegal sentence once the seven day period has expired.

In the present case, this Court entered its sentence and judgment that the Petitioner be committed to the custody of the Attorney General or his authorized representative for a period of seven (7) years. Said sentence and judgment are illegal in that the maximum sentence for the offense of Carrying a Pistol without a License in which the Petitioner pled guilty is five (5) years. D.C. Code §22-4504(a)(1) provides:

> A person who violates this section by
> carrying a pistol, without a license
> issued pursuant to District of Columbia
> law, or any deadly or dangerous weapon,
> in a place other than the person's
> dwelling place, place of business, or

-3-

on other land possessed by the
person, shall be fined not more
than $5,000 or or imprisoned for
not more than 5 years, or both...

Id. The D.C. Circuit in United States v. Fogel, 829 F.2d 77(D.C.
Cir. 1987) has held "[t]he district court in this case was free to
correct the defect in the original sentence but only to the extent
necessary to bring the sentence into compliance with the statute.
829 F.2d at 90. Because the district court unnecessarily increased
the appellant's sentence..., we vacate the sentence imposed on
resentencing and remand. On remand, the district court is directed
to reinstate the original sentence with any modifications necessary
and consistent with this opinion." Id. Moreover, a motion to
correct sentence is to correct a legal error and not a motion for
collateral attack. 28 U.S.C.A. §2255.

Therefore, Petitioner's motion to correct sentence should not
be construed as a motion for collateral attack.

WHEREFORE, the Petitioner moves the Court that said sentence
and judgment be corrected nunc pro tunc.

## CONCLUSION

Based on the foregoing arguments and authorities, this Honor-
able Court is respectfully urged to amend the Petitioner's Judg-
ment as requested.

Respectfully submitted,

Darnelle Stewart, Jr.
Fed. Reg. #02917-007
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351-6000

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion to Vacate, Set Aside, or Correct sentence has been mailed by first-class mail, prepaid postage, upon the Office of the Assistant United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20534, this _6th_ day of August, 2008.

Darnelle Stewart, Jr.

-5-

Darnelle Stewart #02917-007
Federal Correctional Institution
F.C.I. Gilmer
P.O. Box 6000
Glenville, WV 26351-6000



Legal Mail.....

Clerk of Court
United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001



Received
Mail Room
AUG - 8 2008
Nancy Mayer Whittington, Clerk
US District Court, District of Columbia