UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-199 (GK) |
| | : | **FILED** |
| DARNELL E. STEWART JR., | : | |
| | : | DEC 2 2 2009 |
| Defendant. | : | |
| | : | Clerk, U.S. District and Bankruptcy Courts |

MEMORANDUM OPINION

This matter comes before the Court on Defendant Darnell E. Stewart Jr.'s pro se Motion for Modification of Sentence, pursuant to 18 U.S.C. § 3582(c)(2) [Dkt. No. 70]. Upon consideration of the Motion, the United States' Opposition, and the entire record herein, Defendant's Motion is **denied** and **transferred in part**.

I. BACKGROUND

Defendant was arrested on June 13, 2006 for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Defendant was tried before a jury, but a mistrial was declared when it was unable to reach a verdict.

On May 16, 2007, a superceding information charged Defendant with possession with intent to distribute crack cocaine while armed, in violation of D.C. Code § 48-904.01(a)(1), 22-4502 ("Count I"), and carrying a pistol without a license, in violation of D.C. Code § 22-4504(a) ("Count II"). On the same day, Defendant pled guilty to Counts I and II pursuant to a plea agreement with the Government.

(N)

On August 13, 2007, pursuant to the D.C. Sentencing Guidelines, this Court sentenced Defendant to eighty-four months imprisonment on Count I, and a concurrent thirty-two months imprisonment on Count II [as amended for clerical error, Dkt. No. 68].

Defendant filed a Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2) on October 21, 2009, and the Government filed its Opposition on November 19, 2009.

## II.   ANALYSIS

Defendant argues that his sentence should be modified based on changes made to the Federal Sentencing Guidelines. Under § 3582(c)(2), a district court may reduce a defendant's sentence if it was imposed based on a Sentencing Guidelines range that has since been lowered.   Since the time of the Defendant's sentence, the United State Sentencing Commission has lowered the guidelines range for crack cocaine offenses and made the change retroactive. See U.S.S.G., Supp. to App. C, Amend. 706, 711 (Mar. 3, 2008).

However, the revised guidelines are not applicable to the Defendant, and the Federal Guidelines were not used when computing his sentence,[1] since Defendant pled guilty to D.C. Code offenses, and the Court applied D.C. Sentencing Guidelines at the sentencing hearing. See Tr. of Sentencing Hr'g at 17 [Dkt. No. 73 Ex. E].

---

[1]Fed. R. Crim. P. 35, Correcting or Reducing a Sentence, also does not apply, as there is no technical error and the Government has not made a motion for substantial assistance.

Defendant also requests modification of his sentence because he claims that the Federal Bureau of Prisons ("BOP") has denied him admission to the Residential Drug Abuse Program ("RDAP"), which the Court had recommended at the hearing.[2]

Regardless of whether such a recommendation was made, this claim is properly brought in a petition for writ of habeas corpus. See Stern v. BOP, 601 F. Supp. 2d 303 (D.D.C. 2009) (claims challenging conditions of confinement are properly brought under habeas corpus). As such, this portion of Defendant's claim will be treated as a habeas petition under 28 U.S.C. § 2241. However, this Court cannot hear the Defendant's habeas claim, as it lacks personal jurisdiction over his custodian, who is currently the warden of the federal prison where Defendant is confined in the Eastern District of Kentucky. Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986) ("A district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner."). A habeas petition challenging the execution of a sentence (as opposed to the legality of detention) should be filed in the district where the Defendant is currently incarcerated. See, e.g., Blair-Bey v. Quick, 151 F.3d 1036, 1039

---

[2]The Government represents that there is no record of Defendant applying for admission into RDAP. Opp'n Mot. at 10 n.6.

(D.C. Cir. 1998) (designating proper habeas respondent as the defendant's warden or immediate custodian).[3]

Under 28 U.S.C. § 1631, a district court can transfer an action to any other court in which it could have been brought, if it is in the interests of justice. While the Defendant could re-file this portion of his claim in the proper district, it would be needlessly time-consuming. Therefore, Defendant's claim that the Bureau of Prisons has unlawfully denied his request for admission into RDAP is transferred to the U.S. District Court for the Eastern District of Kentucky, the district in which the Defendant is incarcerated.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion pursuant to 18 U.S.C. § 3582(c)(2) for Modification of Sentence under the Federal Sentencing Guidelines is **denied.** Defendant's claim that he is being denied entry into RDAP is treated as a petition for writ of habeas corpus and is **transferred** to the U.S. District Court for the Eastern District of Kentucky.

An Order will issue with this opinion.

December 22, 2009

/s/ Gladys Kessler

Gladys Kessler
United States District Judge

---

[3]Even if this Court had jurisdiction over the Defendant, the alleged denial of Defendant's admission into RDAP would not be grounds to modify the sentence. See 18 U.S.C. § 3621(b)(4)(A-B) (giving Bureau of Prisons discretion to consider judicial recommendations at sentencing).

-4-